# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08 - CV - 0 0 0 6 6-WYD-BNB

UNITED STATES OF AMERICA,
*ex rel*. THOMAS E. LACHKOVICH,

     Plaintiff(s),

v.

JOHN ASHCROFT,
BENJAMIN NIGHTHORSE CAMPBELL,
THOMAS STRICKLAND,
JOHN SUTHERS,
MARK SULLVAN,
JANET RENO,
JAMES R. MANSPEAKER,
O. EDWARD SCHLATTER,
CRAIG P. SHAFFER,
ZITA WEINSHIENK,
RICHARD P. MATSCH,
LEWIS T. BABCOCK,
MICHAEL CAREY,
LISA CHRISTIAN,
RICHARD SPRIGGS,
MICHAEL TISCHE,
PAUL J. WOGAMAN,
JOHN DOE NO. 1,
JEFFREY A. TAYLOR,
JOHN CONYERS, JR.,
NANCY PELOSI,
ROYCE C. LAMBERTH,
ROSEMARY COLLYER,
ALBERTO GONZALES,
HENRY H. KENNEDY, JR.,
NANCY MAYER-WHITTINGTON,
DIANNA DEGETTE,
JANE DOE NO. 333.01F,
KENNETH SALAZAR,
CAPITOL PROCESS SERVICES, INC.,

**FILED UNDER SEAL**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 1 2008

GREGORY C. LANGHAM
CLERK

1

C T CORPORATION SYSTEM,
DANIEL F. PORTNOY,
ANGELA H. CORSON,
WACHOVIA BANK, N.A.,
WACHOVIA CORPORATION,
STATE OF COLORADO,
COLORADO SUPREME COURT,
DENVER DISTRICT COURT,
DENVER COUNTY COURT,
ANDREW ARMATAS,
JOHN MARCUCCI,
ROBERT PATTERSON,
JOHN DOE NO. 3 a.k.a. "JUDGE X",
JOHN DOE NO. 9 a.k.a. "ROSS",
JOHN DOE NO. 1331.03 a.k.a. "ESPINOZA',
JOHN REDMOND,
COLE FINEGAN,
GOLDWEST PROPERTIES & INVESTMENTS, L.L.C.,
TOM NGUYEN,
TRI NGUYEN,
BRADLEY COLDIRON,
COLDIRON & ASSOCIATES, P.C.,
THE ALPENHAUS APARTMENTS,
AMERICANA CONDOMINIUM ASSOCIATION, INC.,
CUSTOM MANAGEMENT GROUP a.k.a. "CMG",
MICHAEL LADWIG, M.D., P.C.,
MICHAEL LADWIG, M.D.,
LIBERTY MUTUAL INSTURANCE COMPANY,
LIBERTY MUTUAL,
ANTHEM BLUE CROSS BLUE SHIELD,
BLUE CROSS BLUE SHIELD,
HEALTHONE,
UNITED PARCEL SERVICE, INC.,
COUNTY OF SANTA BARBARA,
COUNTY OF SAN LUIS OBISPO,
STATE OF CALIFORNIA,
HALLANDER, SMITH AND PARTNERS,
JEFFREY BAYLESS,
CITY AND COUNTY OF DENVER,
DEPARTMENT OF SAFETY,
DENVER FIRE DEPARTMENT,
DENVER POLICE DEPARTMENT,
DENVER SHERIFF DEPARTMENT,

2

DENVER HEALTH MEDICAL CENTER,
DENVER PARAMEDICS,
AMERICAN MEDICAL RESPONSE a.k.a. 'AMR'
LAIDLAW MEDICAL TRANSPORTATION, INC.,
MICHAEL GLUGLA, R.N.,
ROSE CROWLEY,
OTIS JONES,
BOB DAVIS,
SUSAN LANGER,
BOARD OF REGENTS, UNIVERSITY OF COLORADO,
BARBARA J. EDWARDS,
RODNEY ANDERSON,
CALIFORNIA PARK EAST APARTMENTS,
THE LEGAL AID SOCIETY OF METROPOLITAN DENVER,
KEITH J. VANDENBERGE,
DENVER RESCUE MISSION,
THE DENVER RESCUE MISSION,
THE DENVER RESCUE MISSION FOUNDATION,
BRAD MEULI,
KEVIN MANN,
LARRY GRIFFIN,
JOHN DOE NO. 1130.01 a.k.a. "TOM",
HERMAN FORD,
IAN LISMAN,
JOEL LEVITT,
CHARLES BOYD,
DENNIS PEKULA,
JEFF JENSEN,
JOHN DOE NO. 3870.01 a.k.a. "DENATO",
JOHN DOE NO. 3870.02 a.k.a. "DWAYNE",
KOREY HILLYER,
SHERI AUSTIN,
JIM BOWMAN,
JOHN HOPKINS,
ROBERT MCCOLL,
ADAM DALE,
ROBERT PARHAM,
JANE DOE NO. 30339.01 a.k.a. "SHANNA",
JANE DOE NO. 30339.02,
A.M. TOWING, L.L.P.,
COLLECTION SERVICE OF NEVADA,
SECRET SERVICE JOHN DOE NO. 20223.01
WASHOE COUNTY SHERIFF'S OFFICE,

3

CARSON COUNTY SHERIFF'S OFFICE,
WASHOE COUNTY BOARD OF COMMISSIONERS,
WASHOE COUNTY JUSTICE COURT, SPARKS TOWNSHIP,
WILLIAM A. BYRD,
SUSAN DERISO,
CSC SERVICES OF NEVADA, INC.,
GLENDALE POLICE DEPARTMENT,
ARAPAHOE COUNTY,
DENVER FIRE DEPARTMENT, DISTRICT 4, STATION 5,
DENVER FIRE DEPARTMENT, DISTRICT 4, STATION 15,
DENVER FIRE DEPARTMENT, DISTRICT 2, STATION 4,
DENVER FIRE DEPARTMENT, DISTRICT 2, STATION 6,
JOHN DOE NO. 1130.04 a.k.a. "JIM QUAILLO",
JOHN DOE NO. 1331.09 a.k.a. "OFFICER SKILES",
JOHN DOE NO. 2301.01 a.k.a. "BURTON SANDELS",
JOHN DOE NO. 2301.02 a.k.a. "KEITH",
JOHN DOE NO. 2301.03 a.k.a. "JAMES",
JOHN DOE NO. 1520.01 a.k.a. "KURT TAGGE",
GORSUCH, KIRGIS, L.L.P.;
GORSUCH, L.L.P.,
MICHAEL T. HAVEY,
MTH REALTY,
HUMBOLDT APARTMENTS,
MTH PROPERTY MANAGEMENT,
MTH PROPERTY MANAGEMENT, L.L.C.,
JAMES HARM,
JANE DOE NO. 1055.01 a.k.a. "COLLEEN",
ET AL.,

     Defendant(s).

---

## COMPLAINT

---

### Preliminary Statement

This *Qui Tam* Complaint for damages and other relief is based upon a scheme conducted

by Defendants, and others, to defraud the United States Government and Plaintiff Lachkovich

("Relator") of more than four billion dollars ($4,000,000,000.00) in the performance and

cost of government programs, plans, funds, and contracts.  This Complaint is situated in contract, tort, and law, civil and criminal.  As records indicate, Mr. Lachkovich ("Relator") commenced his civil action, *Pro Se,* under *Qui Tam* provisions of the False Claims Act (FCA)  six  (6) times prior to the filing of this instant FCA Complaint in U.S. District Court,  and  twice initiated the commencement of Congressional proceedings.  It is incumbent by any  litigant,  whether *Pro Se* or not, whether plaintiff or defendant, or the  such  as  appropriate,  to  place  unwavering  public trust in the judicial system and in the attendant members of the judiciary  and of Congress, within the judicial and official protocols in a proper and  lawful  manner and  capacity.   Further, it is incumbent that litigation issues, claims, and crimes, as  appropriate, be administered and adjudicated by  members  of  the  judiciary within  the  framework  of  the  body of  law, encompassing  the  Constitution  and  laws  of the  State  and  District  of  Colorado  and of  the United  States,  including  that  as  precisely prescribed  in  the  False  Claims  Act  enacted  by Congress.  What Congress has  enacted "to do" under the FCA,  members  of the judiciary, individuals in connection with Congress,  the  Defendants,  and  associated others, have  no authority "to undo".

When  members  of  the  judiciary and  Congress,  the  Defendants,  and  associated others,  repeatedly  failed  to make an appearance in a proper and  lawful  manner and  capacity, and  when  members  of the judiciary and Congress,  the  Defendants,  and  associated others, repeatedly violated the substantive and procedural protocols, not  only  of  the  False  Claims Act,  but also, repeatedly violated ethical, judicial,  and  legal  principles and practices of law, the vulnerabilities of the judicial structure,  in  terms of the judicial system and the judiciary,  have been  penetrated,  exploited,  and  abused;   the  judicial structure has been weakened and

fragmented with "shattered trust" and non-allegiance ("subversion"), and such activities, among other concerns, pierce the heart of the founding principles and values which America was founded upon, built upon, so gallantly fought and defended for, and so unselfishly died for.

As records indicate, members of the judiciary in the judicial system, at the federal, state, and local levels, along with associated others, have defrauded Mr. Lachkovich, the United States Government, and the American citizens ("the people"), whom they were supposed to serve and to protect in a proper and lawful manner and capacity, but didn't. Mr. Lachkovich came before the Court at the federal level, "six times" in six (6) separate and distinct civil actions, since December, 2000, under *Qui Tam* provisions of the False Claims Act, and twice before Congress. Mr. Lachkovich should have only had to come before the Court just "one time, the first time in December, 2000"; but for the rampant runaway departure of the ethical, judicial, and legal principles and practices of law, constituting, among other concerns, judicial misconduct, official misconduct, professional negligence, and ,"the fraud upon fraud upon fraud", punctuated and encapsulated in **"judicial fraud"**, the Defendants, and associated others, are culpable and liable for violations under the False Claims Act of "monster proportions", among other concerns, for damages, claims and crimes "tiered eight (8) levels, and this instant Complaint the "9th tier" level of damages, claims, and crimes in the Court, and the "10th tier level" in Congress. Plaintiff's Disclosure Memorandum, served upon Michael Mukasey, the U. S. Attorney General, pursuant to 31 U.S.C. § 3730(b)(2), provides preliminary information and flowchart of the "ten" (10) tier levels of damages, false claims, and crimes", relative to the

suspected parties involved, the programs being defrauded, the nature and extent of the fraud, and the nature and extent of evidence establishing the fraud. Given the nature, extent, and the "fraud piled higher and deeper" in the judicial system and by members of the judiciary, this case may very well set legal precedence relative to "judicial fraud" in the history of the United States.

As records indicate, Defendants, and others falsified documents; used and/or approved documents which contained false and unlawful entries and/or omissions thereon for false and unlawful compensation, property, and/or interest; fraudulently billed; were fraudulently paid; and otherwise, falsified costs and performance in order to get millions more than Defendants, and others, should have under associated Government programs, plans, funds, and contracts. The Defendants, and others, defrauded the Government by the following means: ( *i* ) by intercepting, seizing (stealing), falsifying, and using false and unlawful official documents of record in the judicial system, and elsewhere, to and/or on behalf of the United States; ( *ii* ) by obtaining authorization for and obtaining funds, property, and/or interest, falsely and unlawfully, from and/or on behalf of the United States, directly or indirectly, in whole or in part, through the submission of billing, reimbursement, and financial statements, documents and instruments by Defendants, and others, to and/or on behalf of the United States, which contained false and unlawful information as to performance and costs incurred for individual persons and/or entities, falsely claimed as recipients of false and unlawful items, services, and payments under associated Government programs, plans, funds, and contracts; ( *iii* ) by members of the U.S. Secret Service, their agents, servants, heirs, successors, assigns,

and/or co-conspirators, being engaged, fraudulently and unlawfully, in a monster covert operation (" a code red" ), and advancing fraud, conspiracy, cover-up, misappropriation of funds and resources ( theft ), perjury, obstruction of justice, major fraud against the United States, and other covert and unlawful activities, to destroy herein Plaintiff Lachkovich for his repeated discoveries and disclosures of violation of law, rule, or regulation to agents, servants, heirs, successors, and/or assigns, of and on behalf of the United States, and for herein Plaintiff Lachkovich's exercise of his legal and civil rights for and on behalf of the United States, and resulting, among other things, in monster fraud, waste, abuse, misconduct, cover-up, conspiracy, and corruption, under the veil of a fraudulent illusory façade of benevolent purpose by the Defendants and others.

As records indicate, there appears to be a pattern or practice of "musical chair roulette" involving 'the questionable and timely spin' of inter-relationships, alliances, and/or otherwise, of Colorado and federal judicial and legislative members, including to involve the appointed, elected, assigned, or otherwise, positions of the Colorado U. S. Attorney, the Colorado Attorney General, the U.S. Senator for the State of Colorado, and the U.S. Attorney General. Stemming from the national election of November, 2000, there was substantial swift and decisive movement, including "exodus", in connection with the position of Colorado U. S. Attorney, involving herein Defendants Strickland, Spriggs, and Suthers; with the position of U.S. Attorney General, involving herein Defendants Reno and Ashcroft; with the position of U.S. Senator for Colorado, involving herein Defendants Campbell and Salazar; with the position of Colorado Attorney General, involving herein Defendants Salazar and Suthers. As

8

records indicate, on or about March, 2004, shortly after herein Plaintiff Lachkovich filed his

FCA action, Case No. 04-B-0330(PAC), on February 24, 2004, in Denver U. S. District Court

and effectuated service of process upon herein Defendant Suthers, the attendant Colorado U. S.

Attorney for the District of Colorado in Denver at the time, and upon herein Defendant Ashcroft,

the attendant U. S. Attorney General in Washington, D.C. at the time, herein Defendants

Ashcroft and Campbell, the attendant U.S. Senator for Colorado at the time, both announced that

they would depart their respective positions with the United States Government. There was a

rather sudden 'mass movement and exodus' of associated U. S. Government agents, servants,

heirs, successors, and/or assigns, including that of herein Defendants Ashcroft, Campbell,

Strickland, and Suthers, from key positions within the United States Government framework.

The Colorado U. S. Attorney position had been vacant for almost a year-and-half in

Denver, when such previous appointments were relatively swift and decisive in far less time

frame. For nearly over a year of indecision by the administration, all of the initial three

nominated candidates for the Colorado U. S. Attorney position submitted to President

Bush had withdrawn from consideration. Further, a look at the numerosity and frequency

of federal officials who have departed voluntarily or otherwise from public office under

the administration are striking, all of which is subject to suspect.

Mr. Lachkovich has been subjected to repeated practice or pattern of unlawful

deprivations and repeated practice or pattern of retaliation for his (a) discovery and disclosure to

U.S. agents, servants, heirs, successors, assigns, and/or otherwise, of violation of law, rule, or

regulation, and for his (b) repeated exercise of his civil and legal rights, privileges, immunities,

liberties, and protections secured by the Constitution and laws of the State of Colorado and the

United States.

Mr. Lachkovich has been a homeless, disabled Vietnam-Era veteran with a service-connected disability resulting from injury while on active duty in the U.S. Marine Corps. He has been cast "into the streets of homelessness", like damaged luggage, from homeless shelter to homeless shelter and from soup kitchen to soup kitchen. Mr. Lachkovich had all his personal property falsely and unlawfully seized and discarded as a result of false and unlawful actions and/or inactions by members of the judiciary, at the federal, state, and local levels, by associated others, and by the judicial system. Mr. Lachkovich was falsely and unlawfully evicted, arrested, and jailed from his residence, and was falsely and unlawfully evicted from a Denver public welfare homeless shelter, in a continuing pattern or practice of denying and violating his legal and civil rights, immunities, and protections secured by the Constitution and the laws of the United States and the State of Colorado.   Mr. Lachkovich has been subject to intimidating, harassing, hostile, offensive, and discriminatory environment, treatment, and impact. Mr. Lachkovich has received numerous injury and death threats in their various forms, from a network cast of covert-operative characters, numbering in the thousands over the years, on a "seek and destroy mission" against Mr. Lachkovich and against the United States. Mr. Lachkovich has been displaced and "held hostage" in his person, property, and profession and has incurred irreplaceable loss and damages for years.

In consideration of receiving numerous injury and death threats to himself and his loved ones,   Mr. Lachkovich initiated the preparation of 'last will and testament type documents', such that, in the unfortunate and untimely event of incapacitation, injury and/or death, of Mr. Lachkovich in the course of herein ongoing, unresolved legal matters,

10

and not obtaining full resolution of claims, crimes, losses, and damages encountered 'on his watch' as an American citizen, measures would be invoked to carry out to fruition, the associated legal remedies subscribed to accordingly. Further, should the unfortunate and untimely incapacitation, injury and/or death, of Mr. Lachkovich occur in the course of ongoing, unresolved legal matters herein by the hands of herein Defendants, and associated others, in consideration of the *modus operandi* of the Defendants and associated others, such will add to their damages and punishment, accordingly, in more ways than one. Mr. Lachkovich has, in essence, made preparations for his death, because of his exercise of his legal and civil rights and for his repeated discovery and disclosure of violation of law, rule, and regulation against him and against the United States.

Mr. Lachkovich included intentions of preparing a "love letter", consisting of a personal narrative statement with an acoustical alchemy and piano musical background, on a digital audio/video disk ( DVD ), in coordination with KBCO Radio FM, Studio 'C', and Brett Saunders and Ginger, among other considerations, to be delivered to the "love of his life" that entered his life in 2000 and has been 'simmering' since then. Mr. Lachkovich has been incapacitated to do the normal male-female relationship, in his own private way, because he has been "held hostage" in his person, property, and his profession from doing the things normally done in his person, his property, his profession, especially, with the "love of his life" in a traditional man-and-woman relationship, by the false and unlawful activities associated herein by Defendants and associated others.

As President Kennedy said, ". . . . ask not what your Country can do for you, . . ask what you can do for your Country . . .". In 1970, Mr. Lachkovich enlisted in the U.S.

Marine Corps to serve and to protect and defend the Country against enemy, both foreign and domestic. Mr. Lachkovich was basically trained and armed to kill with fixed-bayonet and bullets. Besides being a bona fide United States citizen, and being honorably discharged from active duty in the U.S. Marine Corps with meritorious promotion, Mr. Lachkovich in 1990, voluntarily signed up for return to active duty with the Marines in the event that the Persian Gulf war escalated into "all hell broke loose". In 1991, Mr. Lachkovich became engaged in the federal civil service as a Civil Engineer with the U. S. Bureau of Land Management (BLM), an agency in the U.S. Department of the Interior (DOI). In the course of his engagement with BLM/DOI, Mr. Lachkovich discovered and disclosed violations of law, rule, or regulation, and was subject to, among other concerns, retaliatory environment, treatment, and impact, including retaliatory discharge, for his discovery and disclosure of violation of law, rule, or regulation, and for the exercise of his legal and civil rights. Further, Mr. Lachkovich has a son who enlisted in the U. S. Air Force and has graduated from the Air Force Academy in Colorado Springs, Colorado. In 1998, while undergoing rehabilitation from injuries sustained from a slip-and-fall incurred while working with Defendant UPS, Mr. Lachkovich volunteered and did records filing for the Denver Regional Office of the Veterans Administration.

The price of freedom is not free, as the historical and legendary chronicles of America reveal the countless selfless acts and sacrifices endured and made by American patriots, whether in uniform or not. Each American has an unalienable right and duty to serve and to protect the law of the land and fellow Americans from enemy, both foreign and domestic. When a person, as here by named Defendants and associated others, subscribing to act under a Government uniform or identity, ( "under color of law"), and knowingly and willfully, falsely, unlawfully,

12

corruptly acts under such authority and betrays the 'public trust' bestowed upon such person, then, the very foundation upon which the structure of America was built upon, becomes damaged by such selfish and deplorable acts of treason, which if not monitored, if not remedied, and if not corrected, like the saying, ". . . .if the foundation cracks, . . . the structure falls . . .", and America will not fall on Mr. Lachkovich's watch, so, Help Me God.

Comes now, Mr. Lachkovich, not armed with fixed bayonets and bullets, but rather, armed with truth, courage, commitment, and the "teeth" of the False Claims Act enacted by Congress, before this Court and brings this civil action under *Qui Tam* provisions of the False Claims Act on behalf of himself and behalf of the United States of America, and seeks relief (1) for removal of the "trash" from the judiciary and from other domestic related places associated with Government plans, programs, funds, and contracts, and for the imposition of punishment, penalties, fines, damages (punitive and compensatory), and as appropriate; (2) that a collaborative effort be engaged by the Executive, Judicial, and Legislative Branches of Government, as appropriate, at the federal, state, and local levels, to address and to fix the associated Government plans, programs, funds, and contracts, as appropriate, including without limitations, the judiciary and the judicial system, public safety officials and system, social welfare officials and system, at the local, state and federal levels, by implementing measures to mitigate and/or to ensure effective and efficient safeguards against any such current and future **judicial fraud, judicial misconduct, official fraud, official misconduct,** and such other and further related improprieties; and (3) such other and further relief deemed appropriate and just under the circumstances.   May God Bless America.

13

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345 and 31 U.S.C. § 3732(a).

2.      Jurisdiction and venue is properly situated in this Court under 28 U.S.C. §§ 1367 and 1359 in that parties involved, pursuant to the Relator's complaints, disclosure memoranda, and related documents submitted, were falsely, unlawfully, and/or collusively made or enjoined by assignment or otherwise, in the following federal civil actions under *Qui Tam* provisions of the False Claims Act (FCA) previously commenced by Plaintiff Lachkovich ("Relator"):

(a)      Case No. 01-SC-0031, <u>United States of America ex rel. Thomas E. Lachkovich v. United Parcel Service, Inc., et al.</u>, Denver U.S. District Court, December 15, 2000;

(b)      Case No. 01-M-0381, <u>United States of America ex rel. Thomas E. Lachkovich v. United Parcel Service, Inc., et al.</u>, Denver U.S. District Court, March 2, 2001;

(c)      Case No. 01-CV-2574, <u>United States of America ex rel. Thomas E. Lachkovich v. United Parcel Service, Inc., et al.</u>, U.S. District Court, District of Columbia, Washington, D.C., December 17, 2001;

(d)      Case No. 04-B-0330(PAC), <u>United States of America ex rel. Thomas E. Lachkovich v. Americana Condominium Association, Inc., et al.</u>, Denver U.S. District Court, February 24, 2004.

( e )   Case No. 07-CV-1437, <u>United States of America ex rel. Thomas E. Lachkovich</u>

vs.      John Ashcroft, et al., U.S. District Court, District of Columbia,

Washington,  D.C., June 8, 2007;  **See Exhibits A, B, C.1, C.2, and  D**

**attached hereto:**

Exh. 'A'          **Page 1 of 505 pages of herein Plaintiff Lachkovich's
                  FCA Complaint, commenced on Friday, June 8, 2007,
                  with date-stamp June 8, 2007 received by Clerk, U.S.
                  District Court, Nancy Mayer-Whittington; with hand-
                  printed notation, 'Under Seal'; 1p**

Exh. 'B'          **Dimissal Order, file date-stamped August 8, 2007,
                  bearing the name and apparent endorsement of District
                  Judge Rosemary Collyer; 1p**

Exh. C.1, C.2     **Memorandum Opinion, file date-stamped August 8,
                  2007, bearing the name and apparent endorsement of
                  District Judge Rosemary Collyer; 2pp**

Exh. 'D'          **Envelope, with U.S.P.S. date mark August 9, 2007, from
                  Clerk's Office, U.S. District Court, District of
                  Columbia, United States Courthouse, 333 Constitution
                  Avenue, Washington, D.C. 20001; with hand-printed
                  address notation to herein Plaintiff Lachkovich; 1p**

(f)    Case No. 07-CV-1645(RCL, <u>United States of America ex rel. Thomas E.</u>

<u>Lachkovich vs.      John Ashcroft, et al.</u>, U.S. District Court, District of Columbia,

Washington,  D.C., September 17, 2007;  **See   Exhibits E, F, G, H.1, and  H.2**

**attached  hereto:**

Exh. 'E'          **Wells  Fargo Bank View Check Copy, [ 1p]; dated
                  11/17/2007; Check  No. 1001, Dated October 30, 2007;
                  Amt. $400.00;  Payable to: Capitol Process Services,
                  Inc.; Remitter: Thomas E. Lachkovich; Checking
                  Account No.  0849699657; Wells Fargo Bank, 1050 - 17
                  th Street, Denver, Colorado 80265; Ref: #07-CV-1645
                  [4];**

15

Exh. 'F'            Capitol Process Services, Inc., white business envelope,
                   U.S.P.S. postal mark dated December 3, 2007, $00.41;
                   hand-printed address in blue ink-type instrument to:
                   Thomas E. Lachkovich, 1001 – 16th Street, B-180-327,
                   Denver, CO  80265-0005; [ 1p, color copy in Court
                   original set ]

Exh. 'G'           Wachovia Bank, N.A., Check No. 8281, security green
                   type check paper;  with hand-printed notations in blue
                   ink-type instrument  dated 11/26/07; Payable to:
                   Thomas E. Lachkovich; Amt: $85.00; Remitter:
                   Anglela H.  Croson, Capitol Process Services, Inc., 1827
                   18th Street, N.W., Washington, D.C.  20009; [ 1p, color
                   copy  in Court original  set ]

Exh. 'H.1', 'H.2'  Letter, dated November 20, 2007, from Thomas E.
                   Lachkovich, 1001 – 16th Street, B-180/327, Denver,
                   Colorado  80265-0005; 303-944-9882; 303-534-2910 fax;
                   E-mail: tlachkov@aol.com; to Capitol Process Services,
                   Inc., Attn:  Daniel  F. Portnoy, 1827 – 18 th Street,
                   Washington, D.C.  20009; sent via E-mail address:
                   info@capitolprocess.com  [2 pp ]

     3.     Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331, §1343,

and §1357.

     4.     Jurisdiction and venue is also properly laid in this Court under 28 U.S.C.

§ 1391(b), (c ), and (e) in that, (1) substantial acts and/or omissions by Defendants, and others,

were committed and/or consummated in the District of Columbia, Washington, D.C. and in the

District of Colorado, in Denver, Colorado,   (2) the Defendants, and others, availed themselves of

the privilege of conducting business matters in the principal place of business of the United

States Government in the District of Columbia, Washington, D.C., and in the District of

Colorado, in Denver Colorado, and (3) the Defendants, and others, knew and/or should have

known that they accordingly, would be and are subject to the jurisdiction of this Court.

**Parties**

5.     At pertinent times to this Complaint, Plaintiff, Thomas E. Lachkovich,

("Lachkovich"), the Relator, was and is a domiciliary of the  state of Colorado, and a

citizen of the United States.  He is a disabled Vietnam-Era veteran with a service-connected

disability resulting from injury while on active duty in the U.S. Marine Corps.  He has been

subject to, among other concerns, repeated joblessness and homelessness since his FHA house

matter at 6555 East Colorado Drive, Denver, CO, and since his association and involvement with

the U.S. Bureau of Land Management;  he has been 'on the streets', and slept, depending where

space was available,  at the 'overflow' section of the Samaritan House shelter, 2301 Lawrence

Street, Denver, Colorado 80205,  at the St. Francis Center, 2323 Curtis Street, Denver, CO

80205, at the Denver Rescue  Mission, 1130 Park Avenue West, Denver, CO  80205,  or in City

of Denver parks.  He currently has U.S. Postal Service address:  1001 - 16th Street,  B-180/327,

Denver, Colorado 80265, with  Sprint cellphone number, 303-944-9882, and AOL e-mail

account address:  tlachkov@aol.com.

6.     None of the allegations of fraud set forth in this Complaint is based upon public

disclosure of such allegations or transactions in a criminal, civil, or administrative hearing; in a

congressional, administrative, or General Accounting Office ( GAO ) report, hearing, audit, or

investigation; or in the news media.  Plaintiff Lachkovich is the original source within the

meaning of 31 U.S.C.  § 3730 (e)(4)(B),   who has direct and independent knowledge of the

information on which the allegations of fraud set forth in this Complaint are based.  Plaintiff

Lachkovich has given the Government notice of the allegations of fraud prior to the filing of this

instant FCA civil action.

7.     At pertinent times to this Complaint, Defendant, John Ashcroft, ("Ashcroft"), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Ashcroft was the United States Attorney General, with last known address being: John Ashcroft, United States Attorney General, United States Department of Justice, 10th and Constitution Ave., N.W., Room 5111, Washington, D.C. 20530.  Defendant Ashcroft is being sued is his official and individual capacities.

8.     At pertinent times to this Complaint, Defendant, Benjamin Nighthorse Campbell, ("Campbell"),  was and is an individual person and was a United States Senator for the State of Colorado, with offices in Colorado and Washington, D.C.  Based upon information and belief, Defendant Campbell is a Sr. Policy Advisor with Holland and Knight, L.L.P., 2099 Pennsylvania Avenue, N.W., Suite 100, Washington, D.C., 20006, and resides in Ignacio, Colorado, near Durango, in southern Colorado, since his  departure from the United States Senate in 2005. Defendant  Campbell is being sued is his official and individual capacities.

9.     At pertinent times to this Complaint, Defendant, Thomas L. Strickland, ("Strickland"), was and is an individual person and an attorney, and was, at pertinent times to this Complaint, the United States Attorney for the District of Colorado in Denver, Colorado.. Defendant Strickland is a practicing attorney and chief legal officer for and on behalf of UnitedHealth Group, 9900 Bren road East,  Minnetonka, Minnesota 55343, Telephone:  800-328-5979; heretofore he was a partner with Hogan and  Hartson, L.L.P.,  1200 - 17th Street, Suite 1500, Denver, Colorado 80202. . Defendant Strickland is being sued is his official and individual capacities.

10.     At pertinent times to this Complaint, Defendant,  John Suthers,  ("Suthers"), was

18

and is an individual person and an attorney. Defendant Suthers was the United States Attorney, for the District of Colorado. Defendant Suthers is a practicing attorney and the Colorado Attorney General, 1525 Sherman Street, 7th floor, Denver, Colorado 80203. Telephone: 303-866-4500. Defendant Suthers is being sued is his official and individual capacities.

11.    At pertinent times to this Complaint, Defendant, Richard Spriggs, ("Spriggs"), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Spriggs was the Interim (Acting) United States Attorney, for the District of Colorado, under contract or otherwise. Defendant Spriggs is a retired attorney and had his record files sealed ("blocked"). His last known address was: Richard Spriggs, United States Attorney, District of Colorado, 1225 – 17th Street, Suite 700, Denver, CO 80202. Defendant Spriggs is being sued is his official and individual capacities.

12.    At pertinent times to this Complaint, Defendant, Janet Reno, ("Reno"), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Reno was the United States Attorney General, with last known address: Janet Reno, United States Attorney General, United States Department of Justice, 10th and Constitution Avenue, N.W., Room 5111, Washington, D.C. 20530. Defendant Reno is being sued in her individual and official capacities.

13.    At pertinent times to this Complaint, Defendant, Henry H. Kennedy, Jr., ("Kennedy"), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Kennedy was a United States District Judge, with the District of Columbia, located at 333 Constitution Avenue, N.W., District of Columbia, Washington, D.C. 20001. Defendant Kennedy is being sued in his individual and official capacities.

19

14.    At pertinent times to this Complaint, Defendant, Royce C. Lamberth, ("Lamberth"), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Lamberth was a United States District Judge, with the District of Columbia, located at 333 Constitution Avenue, N.W., District of Columbia, Washington, D.C. 20001. Defendant Lamberth is being sued in his individual and official capacities.

15.    At pertinent times to this Complaint, Defendant, Nancy M. Mayer-Whittington, (" Mayer-Whittington "), was and is an individual person and a judicial officer of the court. At pertinent times to this Complaint, Defendant Mayer-Whittington was Clerk of the Court, United States District Court, with the District of Columbia, located at 333 Constitution Avenue, N.W., District of Columbia, Washington, D.C. 20001. Defendant Mayer-Whittington is being sued in her individual and official capacities.

16.    At pertinent times to this Complaint, Defendant, Mark Sullivan, ("Sullivan"), was and is an individual person and Director of the United States Secret Service, 245 Murray Drive, Bldg. 410, Washington, D.C. , 20223. Defendant Sullivan is being sued in his official and individual capacities.

17.    At pertinent times to this Complaint, Defendant, Lewis T. Babcock, (" Babcock "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Babcock was the United States District Chief Judge, in and for the District of Colorado, located at 901 - 19th Street, Room A- 105, Denver, Colorado, 80202. Defendant Babcock is being sued in his individual and official capacities.

18.    At pertinent times to this Complaint, Defendant, Richard P. Matsch, (" Matsch "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant

Matsch was a United States District Judge, with the District of Colorado, located at 901 - 19th Street, Room A- 105, Denver, Colorado, 80202. Defendant Matsch is being sued in his individual and official capacities.

19.     At pertinent times to this Complaint, Defendant, Zita Weinshienk, (" Weinshienk "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Weinshienk was a United States District Judge, with the District of Colorado, located at 901 - 19th Street, Room A- 105, Denver, Colorado, 80202. Defendant Weinshienk is being sued in her individual and official capacities.

20.     At pertinent times to this Complaint, Defendant, O. Edward Schlatter, (" Schlatter "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Schlatter was a United States Magistrate Judge, with the District of Colorado, located at 901 - 19th Street, Room A- 105, Denver, Colorado, 80202. Defendant Schlatter is being sued in his individual and official capacities.

21.     At pertinent times to this Complaint, Defendant, Craig B. Shaffer, (" Shaffer "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Shaffer was a United States Magistrate Judge, with the District of Colorado, located at 901 – 19th Street, Room A- 105, Denver, Colorado, 80202. Defendant Shaffer is being sued in his individual and official capacities.

22.     At pertinent times to this Complaint, Defendant, John Doe "No. 1" aka 'Joe', ( John Doe "No. 1"), was and is an individual person and a judicial officer of the court. At pertinent times to this Complaint, Defendant John Doe "No. 1" was a United States Deputy Clerk, with the District of Colorado, located at 901 - 19th Street, Room A- 105, Denver,

Colorado, 80202; heretofore at 1921 Stout Street, Denver. Defendant John Doe "No. 1" is being sued in his individual and official capacities.

23.    At pertinent times to this Complaint, Defendant,  James R. Manspeaker, ("Manspeaker"), was and is an individual person and a judicial officer of the court. At pertinent times to this Complaint, Defendant Manspeaker was the named United States Clerk of Court, with the District of Colorado, located at 901 - 19th Street, Room A- 105, Denver, Colorado, 80202; heretofore at 1921 Stout Street, Denver. Defendant Manspeaker is being sued in his individual and official capacities.

24.    At pertinent times to this Complaint, Defendant,  Gregory C. Langham, ("Langham"), was and is an individual person and a judicial officer of the court. At pertinent times to this Complaint, Defendant Langham was the named United States Clerk of Court, with the District of Colorado, located at 901 - 19th Street, Room A- 105, Denver, Colorado, 80202; heretofore at 1921 Stout Street, Denver. Defendant Langham is being sued in his individual and official capacities.

25.    At pertinent times to this Complaint, Defendant, Lisa  Christian, (" Christian "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Christian was a United States Attorney, with the District of Colorado, located at 1225 – 17th Street, Suite 700, Denver, Colorado, 80202. Defendant Christian is being sued in her individual and official capacities.

26.    At pertinent times to this Complaint, Defendant, Michael Carey, (" Carey "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Carey was a United States Attorney, with the District of Colorado, located at 1225 – 17th

22

Street, Suite 700, Denver, Colorado, 80202. Defendant Carey is being sued in his individual and official capacities.

27.   At pertinent times to this Complaint, Defendant, Michael Tische, (" Tische "), was and is an individual person and a judicial officer with the U.S. Department of Justice (DOJ) in Washington, D.C. At pertinent times to this Complaint, Defendant Tische was a judicial officer located at 10th and Constitution Avenue, N.W., Room 5111, Washington, D.C. 20530, and at 1225 – 17th Street, Suite 700, Denver, Colorado, 80202; Defendant Tische is being sued in his individual and official capacities.

28.   At pertinent times to this Complaint, Defendant, Kenneth Salazar, (" Salazar "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Salazar was the Colorado Attorney General, located at 1525 Sherman Street, 5th Floor, Denver, Colorado, 80203. Resulting from the national election of November, 2004, Defendant Salazar has been the United States Senator, for the State of Colorado, with current address listed as 702 Hart Senate Office Building, Washington, D.C., 20530. Defendant Salazar is being sued in his individual and official capacities.

29.   At pertinent times to this Complaint, Defendant, Mary J. Mullarkey, (" Mullarkey "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Mullarkey was the Chief Justice, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Mullarkey is being sued in her individual and official capacities.

30.   At pertinent times to this Complaint, Defendant, Rebecca Love Kourlis, (" Kourlis "), was and is an individual person and an attorney. At pertinent times to this

Complaint, Defendant Kourlis was a Justice, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Kourlis resigned from the Colorado Supreme Court effective January 10, 2006. Defendant Kourlis is being sued in her individual and official capacities.

31.    At pertinent times to this Complaint, Defendant, Gregory J. Hobbs, Jr., (" Hobbs "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Hobbs was a Justice, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Hobbs is being sued in his individual and official capacities.

32.    At pertinent times to this Complaint, Defendant, Alex J. Martinez, (" Martinez "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Martinez was a Justice, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Hobbs is being sued in his individual and official capacities.

33.    At pertinent times to this Complaint, Defendant, Michael L. Bender, (" Bender "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Bender was a Justice, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Bender is being sued in his individual and official capacities.

34.    At pertinent times to this Complaint, Defendant, Nancy E. Rice, (" Rice "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Rice was a Justice, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver,

Colorado, 80203. Defendant Rice is being sued in her individual and official capacities.

35.     At pertinent times to this Complaint, Defendant, Nathan 'Ben' Coats, (" Coats "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Coats was a Justice, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Coats is being sued in his individual and official capacities.

36.     At pertinent times to this Complaint, Defendant, Susan J. Festag, (" Festag "), was and is an individual person and a judicial officer of the court. At pertinent times to this Complaint, Defendant Festag was the Clerk of the Court, with the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Festag is being sued in her individual and official capacities.

37.     At pertinent times to this Complaint, Defendant,  Clerk of the Court, (" Supreme Court Clerk "), was and is a judicial officer of the Colorado Supreme Court, located at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Supreme Court Clerk is being sued in its official capacity.

38.     At pertinent times to this Complaint, Defendant,  Colorado Supreme Court, (" Colorado Supreme Court "), was and is the highest judicial court or tribunal of the State of Colorado, with principle place of business situated at Two East 14th Avenue, Denver, Colorado, 80203. Defendant Supreme Court is being sued in its official capacity.

39.     At pertinent times to this Complaint, Defendant, Jeffrey Bayless, (" Bayless "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Bayless was Chief Judge, with the Second Judicial District, for the State of Colorado, located at

25

1437 Bannock Street, Room 256,  Denver, Colorado, 80202. Defendant  Bayless is being sued in his individual and official capacities.

40.     At pertinent times to this Complaint, Defendant,  Denver District Court, (" Denver District Court "), was and is the judicial court for the Second Judicial District, of the State of Colorado,  in and for the City and County of Denver, located at  1437 Bannock Street, Room 256,  Denver, Colorado, 80202. Defendant  Denver District Court is being sued in its official capacity.

41.     At pertinent times to this Complaint, Defendant,  Robert Patterson, (" Patterson "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Patterson was  a  County Judge, for the City and County of Denver, located at  1437 Bannock Street, Room  151P,  Denver, Colorado, 80202. Defendant  Patterson is being sued in his individual and official capacities.

42.     At pertinent times to this Complaint, Defendant,  John Doe "No. 3" aka  Judge "X",   ( John Doe "No. 3"), was and is an individual person of  apparent African-American descent, and  appeared to be a judge, wearing a black robe behind the bench.  At pertinent times to this Complaint, Defendant  John Doe "3" acted for and on behalf of a County Judge, for the City and County of Denver, located at  1437 Bannock Street, Room  151P,  Denver, Colorado, 80202. Defendant  John Doe "3" is being sued in his individual and official capacities.

43.     At pertinent times to this Complaint, Defendant, John Redmond, (" Redmond "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Redmond was an Assistant City Attorney, for the City and County of Denver, located at  201 West Colfax Avenue,  12th Floor,  Denver, Colorado, 80202. Defendant  Redmond is being sued

26

in his individual and official capacities.

44.     At pertinent times to this Complaint, Defendant, Andrew Armatas, (" Armatas "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Armatas was a County Judge, for the City and County of Denver, located at 1515 Cleveland Place, Fourth Floor, Denver, Colorado, 80202. Defendant Armatas is being sued in his individual and official capacities.

45.     At pertinent times to this Complaint, Defendant, Denver County Court, (" Denver County Court "), was and is a judicial court for the City and County of Denver, the State of Colorado, located at 1437 Bannock Street, Room 111C, Denver, Colorado, 80202. Defendant Denver County Court is being sued in its official capacity.

46.     At pertinent times to this Complaint, Defendant, John Marcucci, (" Marcucci "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Marcucci was a County Judge, for the City and County of Denver, located at the Denver Detention Facility, 1351 Cherokee Street, Denver, Colorado, 80204; and at times, located at 1437 Bannock Street, Room 140, Denver, Colorado 80202. Defendant Marcucci is being sued in his individual and official capacities.

47.     At pertinent times to this Complaint, Defendant, Cole Finegan, (" Finegan "), was and is an individual person and an attorney. At pertinent times to this Complaint, Defendant Finegan was the City Attorney, for the City and County of Denver, located at 1437 Bannock Street, Room 353, Denver, Colorado, 80202. Defendant Finegan is a partner with Hogan and Hartson, L.L.P., 1200 - 17th Street, Suite 1500, Denver, CO 80202 and is being sued in his individual and official capacities.

48.    At pertinent times to this Complaint, Defendant, City and County of Denver,

(" CCD "), was and is a municipal corporation organized and existing under the laws of the

State of Colorado, and whose principal place of legal business in situated with the City

Attorney, 1437 Bannock Street, Room 353, Denver, Colorado, 80202. Defendant CCD is

being sued in its official capacity.

49.    At pertinent times to this Complaint, Defendant, August William Ritter, Jr.

(" Ritter "), was and is an individual person and an attorney. At pertinent times to this

Complaint, Defendant Ritter was the District Attorney, for the City and County of Denver,

located at 201 West Colfax Avenue, 12th Floor, Denver, Colorado, 80202. Defendant Ritter

was associated with Hogan and Hartson, L.L.P., 1200 - 17th Street, Suite 1500, Denver, CO

80202. Defendant Ritter is the newly-elected Governor of the State of Colorado, 136 State

Capitol, Denver, CO 80203, and being sued in his individual and official capacities.

50.    At pertinent times to this Complaint, Defendant, Michael Glugla, R.N.,

(" Glugla "), was and is an individual person and licensed as a Registered Nurse (R.N.)

with the State of Colorado under registration number #RN60200. At pertinent times to this

Complaint, Defendant Glugla was falsely and unlawfully engaged in the practice of medicine at

the Denver Veterans Affairs Medical Center, c/o Ambulatory Care, Dept. 11- B, 1055 Clermont

Street, Denver, Colorado, 80220. Defendant Glugla is being sued in his official and individual

capacities.

51.    At pertinent times to this Complaint, Defendant, Rose Crowley, (" Crowley "),

was and is an individual person and a director of veteran affairs with the Archdiocese of Denver,

28

Catholic Charities, Samaritan House, located at 2301 Lawrence Street, Denver, Colorado, 80205. Defendant Crowley is being sued in her official and individual capacities.

52.     At pertinent times to this Complaint, Defendant,  Otis Jones, (" Jones "), was and is an individual person and a coordinator of veteran affairs with the Archdiocese of Denver, Catholic Charities, Samaritan House, located at 2301 Lawrence Street, Denver, Colorado, 80205. Defendant Jones is being sued in his official and individual capacities.

53.     At pertinent times to this Complaint, Defendant, Board of Regents, University of Colorado, ("UCD"), was and is an agent for the educational entity of the State of Colorado, with principal office for District 1, which includes the University of Colorado at Denver, situated with Regent Michael Carrigan, 555 - 17th Street, Suite 3200, Denver, Colorado  80202.

54.     At pertinent times to this Complaint, Defendant, Barbara J. Edwards, (" Edwards"), was and is an individual person and the Admissions Director for the University of Colorado at Denver (UCD), for the State of Colorado, with principal office situated at  1250 Fourteenth Street, Denver, Colorado  80204.  Defendant Edwards is being sued in her official and individual capacities.

55.     At pertinent times to this Complaint, Defendant, Rodney Anderson, (" Anderson"), was Interim Vice Chancellor for Enrollment and Student Affairs, for the University of Colorado at Denver, for the State of Colorado, with principal office situated at the Lawrence Street Center (LSC) 1380 Lawrence Street, Suite 1400, Denver, Colorado  80204. Defendant Anderson is being sued in his official and individual capacities.

56.     At pertinent times to this Complaint, Defendant, California Park East Assocs, ( "California Park East Assocs"), was and is the listed entity with the City and County of Denver,

Assessors Office, as being the listed owner of the property known and numbered as, California

Park East Apartments, 2770 California Street, Denver, Colorado 80205. The name, "California

Park East Assocs", ( nor "California Park East Associates" ), does not exist with the official

records of the Colorado Secretary of State.

57.    At pertinent times to this Complaint, Defendant, California Park East Apts,

( "California Park East Apartments"), is the purported trade name, or service mark, or business

trade name  of the property known and numbered as, California Park East Apartments, 2770

California Street, Denver, Colorado 80205. The name, "California Park East Apartments", does

not exist with the official records of the Secretary of State, State of Colorado, nor with the

official records of the City and County of Denver.  Defendant California Park East Apartments is

a high-rise residential apartment facility listed for senior citizens.

58.    At pertinent times to this Complaint, Defendant, Jane Doe "No. 2" aka 'Beth',

( Jane Doe "No. 2'), was and is an individual person and agent for the property known and

numbered as California Park East Apartments, 2770 California Street, Denver, Colorado 80205.

Defendant Jane Doe "No. 2" is being sued in her official and individual capacities.

59.    At pertinent times to this Complaint, Defendant, The Legal Aid Society of

Metropolitan Denver, ("Legal Aid"), was and is a non-profit organization engaged in the

principals and practice of law for indigent persons, located at 1905 Sherman Street, Suite 400,

Denver, Colorado  80203.

60.    At pertinent times to this Complaint, Defendant, Keith  J.  Vandenberge,

("Vandenberge"),  was and is an individual person and an attorney licensed to practice law in the

State of Colorado. Defendant Vandenberge has principal place of business situated at 1825

Lawrence Street, Denver, Colorado  80202.  Defendant Vandenberge is being sued in his individual and official capacities.

61.     At pertinent times to this Complaint, Defendant, State of Colorado, ("Colorado"), was and is a state organized and existing as a state in the United States, with principal place of legal business situated with the Colorado Attorney General, 1525 Sherman Street, 5th Floor, Denver, Colorado 80203.

62.     At pertinent times to this Complaint, Defendant, Bradley Coldiron, ("Coldiron"), was and is an individual person and an attorney licensed to practice law in the State of Colorado. Defendant Coldiron has principal place of business situated at 3900 East Mexico Avenue, Suite 330, Denver, Colorado  80210.  Defendant Coldiron is being sued in his official and individual capacities.

63.     At pertinent times to this Complaint, Defendant, Coldiron & Associates, P.C., ("CAPC"), was and is a professional corporation, organized and existing under the laws of the State of Colorado for the purpose of engaging in the principles and practices of law, and with principal place of business situated at 3900 East Mexico Avenue, Suite 330, Denver, Colorado 80210.

64.     At pertinent times to this Complaint, Defendant, Tom Nguyen, ("Tom Nguyen"), was and is an individual person and the listed agent for Goldwest Properties and Investments, L.L.C., the owner of the residential apartment property known and numbered as, The Alpenhaus Apartments, 4470 East Jewell Avenue, Denver, Colorado 80222. The principal place of business of Defendant Tom Nguyen is situated at 16695 West Bayaud Drive, Golden, Colorado  808401. Defendant Tom Nguyen is being sued in his official and individual capacities.

65.    At pertinent times to this Complaint, Defendant, Tri Nguyen, ("Tri Nguyen"), was

and is an individual person and the listed agent for Goldwest Properties and Investments, L.L.C.,

the owner of the residential apartment property known and numbered as, The Alpenhaus

Apartments, 4740 East Jewell Avenue, Denver, Colorado 80222. The principal place of business

of Defendant Tri Nguyen is situated at 16695 West Bayaud Drive, Golden, Colorado  808401.

Defendant Tri Nguyen is being sued in her official and individual capacities.

66.    At pertinent times to this Complaint, Defendant, Goldwest Properties &

Investments, L.L.C., (" Goldwest"), was and is a corporation organized and existing under the

laws of the State of Colorado for the purpose of conducting apartment rental business. Defendant

Goldwest has principal place of business situated at 16695 West Bayaud Drive, Golden,

Colorado  80401, and is the listed owner of the property known and numbered as, The Alpenhaus

Apartments, 4470 East Jewell Avenue, Denver, Colorado 80222.

67.    At pertinent times to this Complaint, Defendant, The Alpenhaus Apartments,

(" Alpenhaus"), was and is a trade name or business name, organized and existing under the laws

of the State of Colorado for the purpose of conducting apartment rental business, by herein

Defendant Goldwest.  Defendant Alpenhaus is situated at  the property known and numbered as,

The Alpenhaus Apartments,  4470 East Jewell Avenue, Denver, Colorado 80222.

68.    At pertinent times to this Complaint, Defendant, Denver  Safety Department,

(" Denver Safety"), was and is an agency for the City and County of Denver, with principal place

of business situated at 1331 Cherokee Street, Denver, Colorado 80204.

69.    At pertinent times to this Complaint, Defendant, Denver  Sheriff Department,

(" Denver Sheriff"), was and is an agency for the City and County of Denver, with principal

place of business situated at 1331 Cherokee Street, Denver, Colorado 80204.

70.   At pertinent times to this Complaint, Defendant, Denver Police Department, (" Denver Police"), was and is an agency for the City and County of Denver, with principal place of business situated at 1331 Cherokee Street, Denver, Colorado 80204.

71.   At pertinent times to this Complaint, Defendant, John Doe "No. 8" aka 'Espinoza', (" Espinoza"), was and is an individual person and an officer with herein Defendant Denver Police, for the City and County of Denver, with principal place of business situated at 1331 Cherokee Street, Denver, Colorado 80204. Defendant Espinoza was the named arresting officer on June 14, 2004. Defendant Espinoza is being sued in his individual and official capacities.

72.   At pertinent times to this Complaint, Defendant, Denver Fire Department, (" Denver Fire"), was and is an agency for the City and County of Denver, with principal place of business situated at 1331 Cherokee Street, Denver, Colorado 80204, and with main fire command situated at 745 West Colfax Street, Denver, Colorado 80204.

73.   At pertinent times to this Complaint, Defendant, Denver Fire Department, District 4, Station 5, (" Denver Fire"), was and is an agency for the City and County of Denver, in collaborative association with the City of Glendale, Arapahoe County, with principal place of business situated at 1331 Cherokee Street, Denver, Colorado 80204, and with district fire command situated at 999 South Clermont Street, Glendale, Colorado 80246.

74.   At pertinent times to this Complaint, Defendant, Denver Fire Department, District 4, Station 5, (" Denver Fire"), was and is an agency for the City and County of Denver, in collaborative association with the City of Glendale, Arapahoe County, with principal place of business situated at 1331 Cherokee Street, Denver, Colorado 80204, and with district fire

33

command situated at 999 South Clermont Street, Glendale, Colorado 80246.

75.    At pertinent times to this Complaint, Defendant, Denver Health Medical Center,

Denver Paramedics, (" Denver Health"), was and is an agency for the City and County of

Denver, with principal place of business situated at 777 Bannock Street, Denver, Colorado

80204.

76.    At pertinent times to this Complaint, Defendant, American Medical Response aka

AMR, (" AMR"), was and is a business name, trade name, or service mark organized and

existing under the laws of the State of Colorado for Laidlaw Medical Transportation, Inc.,

situated at 6200 South Syracuse Way, Suite 200, Greenwood Village, Colorado 80111.

77.    At pertinent times to this Complaint, Defendant, Laidlaw Medical Transportation,

Inc., ("Laidlaw"), was and is a corporation organized and existing under the laws of the State of

Colorado, and with principal place of business situated at 6200 South Syracuse Way, Suite 200,

Greenwood Village, Colorado 80111.

78.    At pertinent times to this Complaint, Defendant, Michael J. Beck, (" Beck "),

was and is an individual person and a judicial officer of the court. Defendant Beck was the

Clerk of the Panel, with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood

Marshall Federal Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby,

Washington, D.C. 20002-8004. Defendant Beck is being sued in his official and individual

capacities.

79.    At pertinent times to this Complaint, Defendant, William Terrell Hodges,

(" Hodges "), was and is an individual person and an attorney. Defendant Hodges was the Chief

Judge, with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood Marshall Federal

Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Defendant Hodges is being sued in his official and individual capacities.

80.     At pertinent times to this Complaint, Defendant, John F. Keenan, (" Keenan "), was and is an individual person and an attorney. Defendant Keenan was a judge with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood Marshall Federal Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Defendant Hodges is being sued in his official and individual capacities.

81.     At pertinent times to this Complaint, Defendant, D. Lowell Jensen, (" Jensen "), was and is an individual person and an attorney. Defendant Jensen was a judge with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood Marshall Federal Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Defendant Jensen is being sued in his official and individual capacities.

82.     At pertinent times to this Complaint, Defendant, J. Frederick Motz, (" Motz "), was and is an individual person and an attorney. Defendant Motz was a judge with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood Marshall Federal Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Defendant Motz is being sued in his official and individual capacities.

83.     At pertinent times to this Complaint, Defendant, Robert L. Miller, Jr., (" Miller "), was and is an individual person and an attorney. Defendant Miller was a judge with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood Marshall Federal Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Defendant Miller is being sued in his official and individual capacities.

84.    At pertinent times to this Complaint, Defendant, Kathryn H. Vratil , (" Vratil "), was and is an individual person and an attorney. Defendant Vratil was a judge with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood Marshall Federal Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Defendant Vratil is being sued in her official and individual capacities.

85.    At pertinent times to this Complaint, Defendant, David R. Hansen, (" Hansen "), was and is an individual person and an attorney. Defendant Hansen was a judge with the Judicial Panel on MultiDistrict Litigation, situated at Thurgood Marshall Federal Judiciary Bldg., One Columbus Circle, N.E., Room G-255, North Lobby, Washington, D.C. 20002-8004. Defendant Hansen is being sued in his official and individual capacities.

86.    At pertinent times to this Complaint, Defendant, Paul J. Wogaman, (" Wogaman ), was and is an individual person and an attorney. Defendant Wogaman was a named attorney with the U.S. Department of Justice (DOJ), Civil Division, 10th and Constitution Ave., N.W., Washington, D.C., 20530, and with mailing address P.O. Box 261, Ben Franklin Station, Washington, D.C. 20044 in Case No. 01-M-0381, <u>United States of America ex rel Thomas E. Lachkovich      vs.    United Parcel Service, Inc., et al</u>., commenced on or about March 2, 2001, in Denver U.S. District Court, by herein Plaintiff Lachkovich. Defendant Wogaman is being sued in his official and individual capacities.

87.    At pertinent times to this Complaint, Defendant, John Doe "No. 4", was and is an individual person and an attorney.  Defendant John Doe "No. 4" was a named attorney for the United States Attorney, for the District of Columbia, located at 555 4th Street, N.W., Washington, D.C. 20530, in papers, records, and statements for and on behalf of the United

States in Case No. 01-CV-2574, <u>United States of America</u> *ex rel.* <u>Thomas E. Lachkovich   v.</u> <u>United Parcel Service, Inc., et al.,</u> filed by herein Plaintiff Lachkovich on December 17, 2001, in U. S. District Court, for the District of Columbia, in Washington, D.C. Defendant John Doe "No. 4" is being sued in his official and individual capacities.

88.　　At pertinent times to this Complaint, Defendant, John Doe "No. 5", was and is an individual person and an attorney.　Defendant John Doe "No. 5" was a named attorney for the United States Department of Justice (DOJ), located at 10th and Constitution Avenue, N.W., Room 5111, Washington, D.C.　20530, in papers, records, and statements for and on behalf of the United States in Case No. 01-CV-2574, <u>United States of America</u> *ex rel.* <u>Thomas E.</u> <u>Lachkovich   v.   United Parcel Service, Inc., et al.,</u> filed by herein Plaintiff Lachkovich on December 17, 2001, in U. S. District Court, for the District of Columbia, in Washington, D.C. Defendant John Doe "No. 5" is being sued in his official and individual capacities.

89.　　At pertinent times to this Complaint, Defendant, John Doe "No. 6", was and is an individual person and an attorney.　Defendant John Doe "No. 6" was a named attorney for the United States Department of Justice (DOJ), located at 10th and Constitution Avenue, N.W., Room 5111, Washington, D.C.　20530, in papers, records, and statements for and on behalf of the United States in Case No. 01-CV-2574, <u>United States of America</u> *ex rel.* <u>Thomas E.</u> <u>Lachkovich   v.   United Parcel Service, Inc., et al.,</u> filed by herein Plaintiff Lachkovich on December 17, 2001, in U. S. District Court, for the District of Columbia, in Washington, D.C. Defendant John Doe "No. 6" is being sued in his official and individual capacities.

90.　　At pertinent times to this Complaint, Defendant, John Doe "No. 7", was and is an individual person and an attorney.　Defendant John Doe "No. 7" was a named attorney for the

United States Department of Justice (DOJ), located at 10th and Constitution Avenue, N.W., Room 5111, Washington, D.C. 20530, in papers, records, and statements for and on behalf of the United States in Case No. 01-CV-2574, <u>United States of America *ex rel.* Thomas E. Lachkovich v. United Parcel Service, Inc., et al.</u>, filed by herein Plaintiff Lachkovich on December 17, 2001, in U. S. District Court, for the District of Columbia, in Washington, D.C. Defendant John Doe "No. 7" is being sued in his official and individual capacities.

91.    At pertinent times to this Complaint, Defendant, Jane Doe "No. 3" aka "Jamie", was and is an individual person and an attorney. Defendant Jane Doe "No. 3" was a named attorney for the United States Department of Justice (DOJ), located at 10th and Constitution Avenue, N.W., Room 5111, Washington, D.C. 20530, in papers, records, and statements for and on behalf of the United States in Case No. 01-CV-2574, <u>United States of America *ex rel.*</u> <u>Thomas E. Lachkovich v. United Parcel Service, Inc., et al.</u>, filed by herein Plaintiff Lachkovich on December 17, 2001, in U. S. District Court, for the District of Columbia, in Washington, D.C. Defendant Jane Doe "No. 3" is being sued in her official and individual capacities.

92.    At pertinent times to this Complaint, Defendant, John Doe "No. 2", was and is an individual person and a judicial officer of the court. Defendant John Doe "No. 2" was a named clerk of a U.S. District Judge, for the District of Columbia, located at 333 Constitution Avenue, N.W., Washington, D.C. 20001, in papers, records, and statements for and on behalf of the United States in Case No. 01-CV-2574, <u>United States of America *ex rel.* Thomas E. Lachkovich v. United Parcel Service, Inc., et al.</u>, filed by herein Plaintiff Lachkovich on December 17, 2001, in U. S. District Court, for the District of Columbia, in Washington, D.C.

38

Defendant John Doe "No. 2" is being sued in his official and individual capacities.

93.    At pertinent times to this Complaint, Defendant, Jane Doe "No. 3", was and is

an individual person and a judicial officer of the court.  Defendant Jane Doe "No. 3" was a

named deputy clerk of the court, located at 333 Constitution Avenue, N.W., Washington, D.C.

20001, in papers, records, and statements, including the "Notice of Hearing",  for and on behalf

of the United States in Case No. 01-CV-2574, <u>United States of America <i>ex rel.</i>  Thomas E.</u>

<u>Lachkovich   v.   United Parcel Service, Inc., et al.</u>, filed by herein Plaintiff Lachkovich on

December 17, 2001, in U. S. District Court, for the District of Columbia,  in Washington, D.C.

Defendant Jane Doe "No. 3" is being sued in her official and individual capacities.

94.    At pertinent times to this Complaint, Defendant, Jane Doe "No. 4", was and is

an individual person and a judicial officer of the court.  Defendant Jane Doe "No. 4" was the

attending clerk of the court, tall, thin, of apparent African-American descent, located at

333 Constitution Avenue, N.W., Washington, D.C. 20001, in papers, records, and statements for

and on behalf of the United States in Case No. 01-CV-2574, <u>United States of America <i>ex rel.</i></u>

<u>Thomas E. Lachkovich   v.   United Parcel Service, Inc., et al.</u>, filed by herein Plaintiff

Lachkovich on December 17, 2001, in U. S. District Court, for the District of Columbia,  in

Washington, D.C.  Defendant Jane Doe "No. 4" is being sued in her official and individual

capacities.

95.    At pertinent times to this Complaint,  Defendant, Jane Doe "No. 5", was and is an

individual person and an officer of the court.  Defendant Jane Doe  "No. 5" was the attending

deputy clerk of the herein Defendant Colorado Supreme Court in the Case No. 04SA344,

<u>Thomas  E. Lachkovich   v.  Denver District Court,  Jeffrey Bayless, et al.</u>, in Denver, Colorado,

relative to herein Plaintiff Lachkovich's petition for an original proceeding under C.A.R. 21, commenced on or about October 27, 2004. Defendant Jane Doe "No. 5" is being sued in her individual and official capacities.

96.    At pertinent times to this Complaint, Defendant, John Doe "No. 9" aka 'Ross', ( John Doe "No. 9" ), was and is an individual person and an officer of the court. Defendant John Doe "No. 9" was the named Public Defender in Case No. 04GS775858, at a disposition hearing conducted on June 21, 2004, in Courtroom 151P, by herein Defendant Denver County Court, in which herein Defendant Judge Patterson presided. Defendant John Doe "No. 9" is being sued in his individual and official capacities.

97.    At pertinent times to this Complaint, Defendant, John Doe "No. 10" aka 'Lloyd Smith', ( John Doe "No. 10" ), was and is an individual person, about 6 ft. 3 inches, about 230 lbs., of apparent African-American descent, and who is known and named as "Lloyd", which is an alias or fictitious identity, as a guise among the homeless population, which includes many others similarly so situated, located at the St. Francis Center, 2323 Curtis Street, Denver, Colorado 80205, 303-297-1577; at the Samaritan House homeless shelter overflow section, 2301 Lawrence Street, Denver, Colorado 80205, 303-294-0241; and at the Denver Rescue Mission, 1130 Park Avenue West, ( southeast corner of Lawrence and Park Avenue West Sts. ), Denver, Colorado 80205, 303- 294-0157., and elsewhere. Defendant John Doe "No. 10" is being sued in his individual and official capacities.

98.    At pertinent times to this Complaint, Defendant, John Doe "No. 11" aka 'Kirk Diddlebock' aka 'Kurt Diddleback', ( John Doe "No. 11" ), was and is an individual person, about 6 ft. 4 inches, about 225 lbs., of apparent white Caucasian descent, and who is

known and named as 'Kirk' and as "Kurt", which are multiple aliases or fictitious identities, as a guise among the homeless population, which includes many others similarly so situated, located at the St. Francis Center, 2323 Curtis Street, Denver, Colorado 80205, 303-297-1577; at the Samaritan House homeless shelter overflow section, 2301 Lawrence Street, Denver, Colorado 80205, 303-294-0241; and at the Denver Rescue Mission, 1130 Park Avenue West, ( southeast corner of Lawrence and Park Avenue West Sts. ), Denver, Colorado 80205, 303- 294-0157, and elsewhere. Defendant John Doe "No. 11" is being sued in his individual and official capacities.

99.    At pertinent times to this Complaint, Defendant, William H. Bowles ( "Bowles" ), was and is an individual person, about 5 ft. 9 inches, about 180 lbs., with a squat build and with a full mustache, and who was wearing a black law enforcement uniform bearing the emblem of the Auraria Campus Police Department and with full service belt. Defendant Bowles is the named officer who wrongfully apprehended herein Plaintiff Lachkovich on the morning of July 13, 2005, about 9:30 a.m., in the North Classroom Building, located on the Auraria Campus in downtown Denver. Defendant Bowles is being sued in his individual and official capacities.

100.    At pertinent times to this Complaint, Defendant, Auraria Campus Police Department, ( "Auraria Police" ), was and is a quasi-agency and/or division of the Auraria Higher Education Center, with principal place of business situated at 1201 Fifth Street, Denver, Colorado 80204.

101.    At pertinent times to this Complaint, Defendant, Auraria Higher Education Center Foundation, ("Foundation "), is a nonprofit corporation organized and existing under the law of and for the state of Colorado, comprising a conglomerate educational entity known as

41

the Auraria Higher Education Center and also known as the Auraria Campus, which includes the

Community College of Denver ( CCD ), Metropolitan State College of Denver ( Metro ), and

University of Colorado at Denver ( UCD ), collectively conducting associated educational

business activities on the premises known as the Auraria Campus. The registered agent for

herein Defendant Foundation is Cheryl Corro and with principal place of business situated at

1027 – 9 th Street Park, Denver, Colorado 80204.

102.    At pertinent times to this Complaint, Defendant, John Doe "No. 17" aka

'Oscar Flores', ( John Doe "No. 17" ), was and is an individual person, about 5 feet 10 inches ,

about 175 lbs., with a medium build, of apparent Hispanic descent, at times wearing a head

bandanna, who is known to exist under the name, ' Oscar Flores', which is an alias or

fictitious identity, as a guise among the homeless population, which includes many others

similarly so situated, located at the St. Francis Center, 2323 Curtis Street, Denver, Colorado

80205, 303-297-1577; at the Samaritan House homeless shelter overflow section, 2301

Lawrence Street, Denver, Colorado 80205, 303-294-0241; and at the Denver Rescue Mission,

1130 Park Avenue West, ( southeast corner of Lawrence and Park Avenue West Sts. ), Denver,

Colorado 80205, 303- 294-0157, and elsewhere. Defendant John Doe "No. 17" is being sued in

his individual and official capacities.

103.    At pertinent times to this Complaint, Defendant John Doe "No. 18" aka 'Skiles

was and is an individual person and was wearing a uniform purportedly of herein Defendant

Denver Police, in and for the City and County of Denver, with principal place of business

situated at 1331 Cherokee Street, Denver, Colorado 80204, with other place of business being

situated at Denver Police District 6, located on Washington Street in downtown Denver.  On

October 13, 2005,  Defendant John Doe "No. 18" aka 'Skiles' appeared to be a white male, about

5 ft. 11 inches, about 180 lbs., with medium build, well-groomed with no facial hair.  On

October 13, 2005, about 4:50 p.m., (MDT), Defendant John Doe "No. 18" aka 'Skiles'

wrongfully apprehended herein Plaintiff Lachkovich in the 2100 block of Blake Street for an

alleged 'spitting' violation against the City and County of Denver ordinance.  Defendant John

Doe "No. 18" aka 'Skiles' was accompanied by a fellow Denver Police office, herein Defendant

John Doe "No. 19".  Defendant John Doe "No. 18" aka 'Skiles' is being sued in his official and

individual capacities.

      104.   At pertinent times to this Complaint, Defendant John Doe "No. 19" was

and is an  individual person and was wearing a uniform purportedly of herein Defendant Denver

Police, in and  for the City and County of Denver, with principal place of business situated at

1331 Cherokee Street, Denver, Colorado 80204.  On October 13, 2005,  Defendant John Doe

"No. 19" , was the apparent partner accompanying herein Defendant John Doe "18" aka 'Skiles',

and, appeared to be a white male, about 5 ft. 9 inches, about 170 lbs., with medium built, well-

groomed with no facial hair. Defendant John Doe "No. 19"  accompanied herein Defendant John

Doe "No. 18" aka 'Skiles' in the alleged 'spitting' incident wrongful apprehension on Thursday,

October 13, 2005 of herein Plaintiff Lachkovich. Defendant John Doe "No. 19" physically

restrained herein Plaintiff Lachkovich in the 2100 block of Blake Street, Denver, Colorado.

Defendant John Doe "No. 19"  is being sued in his official and individual capacities.

      105.   At pertinent times to this Complaint,  Defendant, John Doe "No. 20" aka

' Jim Quaillo',  ( John Doe "No. 20" ), was and is an individual person, about  5 feet 9 inches ,

about 170 lbs., with a light build, of apparent Hispanic descent, at times wearing gray, silver hair and a mustache, who is known to exist under the name, ' Jim Quaillo', and a named House Manager at the Denver Rescue Mission homeless shelter, among the homeless population, located at the Denver Rescue Mission, 1130 Park Avenue West, (southeast corner of Lawrence and Park Avenue West Sts. ), Denver, Colorado 80205, 303- 294-0157. Defendant John Doe "No. 20" is being sued in his individual and official capacities.

106.    At pertinent times to this Complaint, Defendant, John Doe "No. 24" aka ' Marv Kloster', ( John Doe "No. 24" ), was and is an individual person, white male, about 6 feet 3 inches , about 208 lbs., with a slim, medium built, and at times with a mustache, to exist under the name, ' Marv Kloster ', which is an alias or fictitious identity, as a guise among the homeless population, which includes many others similarly so situated, located at the St. Francis Center, 2323 Curtis Street, Denver, Colorado 80205, 303-297-1577; at the Samaritan House homeless shelter overflow section, 2301 Lawrence Street, Denver, Colorado 80205, 303-294-0241; and at the Denver Rescue Mission, 1130 Park Avenue West, ( southeast corner of Lawrence and Park Avenue West Sts. ), Denver, Colorado 80205, 303- 294-0157, and elsewhere. Defendant John Doe "No. 24" is being sued in his individual and official capacities.

107.    At pertinent times to this Complaint, Defendant, John Doe "No. 28" aka 'Jeffrey', ( John Doe "No. 28" ), was and is an individual person, white male, about 5 feet, 9 inches, about 165 lbs., with a light build and at times, and is known to exist under the name, 'Jeffrey', and worked at Safeway, Inc., 3325 - 28th Street, Boulder, Colorado 80302, and, at times, utilized a hip-holster containing knives and cutting tools. John Doe "No. 28" is being sued in his individual and official capacities.

44

108.    At pertinent times to this Complaint, Defendant, Susan Langer, ( "Langer"), was and is an individual person and worked for and at the Denver Veterans Administration Medical Center, 1055 Clermont Street, Denver, Colorado 80220.  Defendant Langer is being sued in her individual and official capacities.

109.    At pertinent times to this Complaint, Defendant Jane Doe "No. 6" aka 'Colleen', ( Jane Doe "No. 6"),  was and is an individual person and worked for and at the Denver Veterans Administration Medical Center, 1055 Clermont Street, Denver, Colorado 80220.  Defendant Jane Doe "No. 6" aka 'Colleen' is being sued in her individual and official capacities.

110.    At pertinent times to this Complaint, Defendant Boulder Police Department, (" Boulder Police"), was and is an agency engaged in law enforcement and public safety in and for the City of Boulder, with principal place of business situated at 1805 - 33 rd Street, Boulder, Colorado 80301.

111.    At pertinent times to this Complaint, Defendant Boulder Fire – Rescue Department,  (" Boulder Fire - Rescue"), was and is an agency engaged in  public safety and rescue in and for the City of Boulder, with principal place of business situated at 1805  -  33 rd Street, Boulder, Colorado 80301.

112.    At pertinent times to this Complaint, Defendant John Doe "No. 1520.01" aka 'Kurt Tagge',  was and is an individual person, white male, about 5 ft. 6 inches, at times, with a mustache, and resided at 1520 South Albion Street, known as 'The Mitchell Apartments', Denver, Colorado 80222, and is known to exist under the name 'Kurt Tagge', which are an alias or fictitious identity, used in order to advance as a covert operative ( 'sleeper' ) the conspiracy and fraud against herein Plaintiffs Lachkovich and the United States.  At times, Defendant John

Doe "No. 1520.01" worked at Arby's, 1480 So. Colorado Blvd., at Village Inn, 1595 South Colorado Blvd., and 'worked' using computers at his apartment. Defendant John Doe "No. 1520.01" is being sued in his individual and official capacities.

113.    At pertinent times to this Complaint, Defendant John Doe "No. 35", was and is an individual person, white male, about 5 ft. 11 inches, about 185 lbs., and worked, at times, including the morning of January 19, 2006, at the main receptionist front desk, located at 155 Van Gordon Street, Lakewood, Colorado 80228. Defendant John Doe "No. 35" used his identity and position, among other concerns, to advance as a covert operative ( 'sleeper' ) the conspiracy and fraud against herein Plaintiffs Lachkovich and the United States. Defendant John Doe "No. 35" is being sued in his individual and official capacities.

114.    At pertinent times to this Complaint, Defendant John Doe "No. 39" aka 'John', ( John Doe "No. 39" ), was and is an individual person, white male, about 5 ft. 11 inches, about 200 lbs., with 'penguin-type' body build, and, at times, walks with a gimpy limp, and resided at 2301 Lawrence Street, Denver, CO 80205, and is known to exist under the name 'John', which is an alias or fictitious identity, used in order to advance as a covert operative ( 'sleeper' ) the conspiracy and fraud against herein Plaintiffs Lachkovich and the United States. Defendant John Doe "No. 39" hit herein Plaintiff Lachkovich in the head by 'brushing by' with a cue stick while playing pool in the recreation room at the said location in 2004, while Plaintiff Lachkovich was a resident then at the said shelter location. Defendant John Doe No. 39 'returned' to the Samaritan House shelter as a resident, when herein Plaintiff Lachkovich became a resident again in November, 2005 to March, 2006. Defendant John Doe "No. 39" is being sued in his individual and official capacities.

46

115.    At pertinent times to this Complaint, Defendant, John Doe "No. 40" aka 'Burton Sandels', ( John Doe "No. 40" ), was and is an individual person, white male, about 5 feet, 6 inches, about 170 lbs., with a 'penguin-type' body build, somewhat 'squat', and, at times, speaks loudly and demonstratively with intensity, and is known to exist under the name, 'Burton Sandels', which is an alias or fictitious identity, as a guise among the homeless population, which includes many others similarly so situated, located at the St. Francis Center, 2323 Curtis Street, Denver, Colorado 80205, 303-297-1577; at the Samaritan House homeless shelter overflow section, 2301 Lawrence Street, Denver, Colorado 80205, 303-294-0241; and at the Denver Rescue Mission, 1130 Park Avenue West, ( southeast corner of Lawrence and Park Avenue West Sts. ), Denver, Colorado 80205, 303- 294-0157, and elsewhere. Defendant John Doe "No. 40 " is being sued in his individual and official capacities.

116.    At pertinent times to this Complaint, Defendant Jane Doe "No. 8" aka 'Jean', ( "Jane Doe No. 8" ), was and is an individual person, white female, about 5 ft. 7 inches, about 135 lbs., with red/auburn hair and at times, used metal crutches and resided at the Samaritan House shelter, located at 2301 Lawrence Street, Denver, CO 80205, and used her identity and position in order to advance as a covert operative ( 'sleeper' ) the conspiracy and fraud against herein Plaintiffs Lachkovich and the United States. Defendant Jane Doe "No. 8" is being sued in her individual and official capacities.

117.    At pertinent times to this Complaint, Defendant John Doe "No. 42" aka 'John' , ( John Doe "No. 42" ), was and is an individual person, white male, about 5 ft. 9 inches, about 185 lbs., with reddish short hair, and, at times, wore an ear piercing, and resided at the Samaritan House shelter, worked in the shelter kitchen, and spent time in the Employment

47

Resource Center room,  including on Tuesday, January 17, 2006, located at 2301 Lawrence

Street, Denver, CO  80205, and is known to exist under the name 'John', which is an alias or

fictitious identity, used in order to advance as a covert operative ( 'sleeper' ) the conspiracy and

fraud against herein Plaintiffs Lachkovich and the United States.   Defendant John Doe "No. 42"

is being sued in his individual and official capacities.

118.   At pertinent times to this Complaint, Defendant John Doe "No. 46" aka 'Keith',

( John Doe "No. 46" ),  was and is an individual person, about 5 ft. 10 inches, about 175

lbs.,  and  at times, would have a full, dark facial beard, would have 'rounded shoulders and/or

somewhat hunched-back' posture, would often play cards and hold a book, would, at times,

coordinate 'staged incidents' involving herein Defendants Denver Fire, Denver Police, Denver

Health, and others, to intimidate, to harass, to threaten, and the such against herein Plaintiff

Lachkovich, while he resided at the Samaritan House shelter, located at 2301 Lawrence Street,

Denver, CO  80205, 303-294-0241;  at the St. Francis Center, located at 2323 Curtis Street,

Denver, CO  80205, 303-297-1577; at the Denver Rescue Mission, 1130 Park Avenue West,

Denver, CO  80205,  303-294-0157; and is known to exist under the name 'Keith', which is an

alias or fictitious identity, used in order to advance as a covert operative ( 'sleeper' ) the

conspiracy and fraud against herein Plaintiffs Lachkovich and the United States.   Defendant

John Doe "No. 46" is being sued in his individual and official capacities.

119.   At pertinent times to this Complaint,  Defendant  TransUnion, L.L.C.

("TransUnion"), was and is a corporation formed and existing under the laws of the state of

Illinois, with principal place of business situated at 555 Adams Street, Chicago, Illinois  60661.

120.   At pertinent times to this Complaint,  Defendant  Safeway, Inc., ("Safeway"),

was and is a corporation formed and existing under the laws of the state of Delaware, with

principal place of business situated at 5918 Stoneridge Mall Road, Pleasanton, California

94588-3229. The registered agent with the Colorado Secretary of State is United States

Corporation Company, 1560 Broadway, Denver, Colorado 80202.

    121.    At pertinent times to this Complaint, Defendant Safeway, Inc., ("Safeway"),

was and is a corporation formed and existing under the laws of the state of Delaware, with

a place of business situated at 3325 – 28th Street, Boulder, Colorado 80302. The registered

agent with the Colorado Secretary of State is United States Corporation Company, 1560

Broadway, Denver, Colorado 80202.

    122.    At pertinent times to this Complaint, Defendant, Capitol Process Services, Inc.,

("CapProcess") was and is a foreign business corporation organized and existing under the laws

of the Commonwealth of Virginia and is registered to conduct business in the District of

Columbia, with business address 1827 - 18th Street, N.W., Washington, D.C. 20009;

Telephone: 202-667-0050; E-mail address: info@capitolprocess.com; the listed Registered

Agent of Defendant "CapProcess" is herein Defendant C T Corporation System, 1015 - 15th

Street, N.W., Suite 1000, Washington, D.C. 20005..

### United States Programs and Contracts

***Judiciary and Judicial Procedure***
***Title 28, U.S. Code***

    122.    The United States Government is comprised of three principal branches of

government - Executive, Legislative, and Judicial. The Executive Branch consists of

The White House and numerous Departments. While each branch is fundamentally separate and distinct from each other as to form and function, they are collectively integral in carrying the colossal business affairs of the United States, both home and abroad.

124.    The fundamental purpose and function of the federal Judicial Branch is the application and interpretation of the law of the land.

125.    To serve this purpose, the provisions of Title 28, United States Code, together with the underlying principles and values embodied in the U.S. Constitution, establish the fundamental framework of our federal judicial system relative to the federal judiciary and judicial procedure.

126.    The judiciary and the judicial procedure provides a "forum" by which American citizens and entities may seek remedy and/or redress relative to issues, claims, and crimes, and for relief as deemed appropriate and just, based upon the true facts of the case and based upon the applicable law.

127.    Members of the federal judiciary are engaged from time to time by appointment, by contract, or otherwise. It is incumbent of each member of the federal judiciary to perform the ministerial duties and obligations respectively in a proper and lawful manner and capacity. In exchange for exercising their respective ministerial duties and obligations so entrusted upon them by the people, members of the judiciary receive, among other things, compensation, authority, and intangible, but priceless, public trust.

128.    As records here indicate, members of the federal judiciary, along with other members of the Executive and Legislative branches of government, have failed to perform their respective ministerial duties and obligations in a proper and lawful manner and capacity. Such

deplorable and egregious acts and/or omissions not only constitute fraud, conspiracy, cover-up, and treason ( a betrayal of public trust), but also, strike at the very foundation of principles and values upon which America was built upon, fought and defended for, and so gallantly and unselfishly endured, sacrificed, and died for.

### The Congress - Senate
### Title 2, U.S. Code

129.   The United States Government is comprised of three principal branches of government - Executive, Legislative, and Judicial.   The Legislative Branch, known as 'Congress', consists of two divisions, the House of Representative and the Senate. While each division is fundamentally separate and distinct from each other as to form and function, they are collectively integral in carrying the colossal Legislative affairs of the United States, both foreign and domestic.

131.   The fundamental purpose of the federal Legislative Branch is the formation and enactment of the law of the land.

132.   To serve this purpose, the provisions of Title 2, United States Code, together with the underlying principles and values embodied in the U.S. Constitution, establish the fundamental framework of our federal legislative system.

133.   The legislature provides a "forum" by which American citizens and entities may seek to address issues pertinent to the enactment of law and policy.

134.   Members of the federal legislature are engaged from time to time by appointment, by contract, by election, or otherwise. It is incumbent of each member of the federal legislature

to perform the ministerial duties and obligations respectively in a proper and lawful manner and capacity. In exchange for exercising their respective ministerial duties and obligations so entrusted upon them by the people, members of the federal legislature receive, among other things, compensation, authority, and intangible, but priceless, public trust.

135.    As records here indicate, members of the federal legislature, along with other members of the Executive and Judicial branches of government, have failed to perform their respective ministerial duties and obligations in a proper and lawful manner and capacity. Such deplorable and egregious acts and/or omissions not only constitute fraud, conspiracy, cover-up, and treason ( a betrayal of public trust), but also, strike at the very foundation of principles and \values upon which America was built upon, fought and defended for, and so gallantly and unselfishly endured, sacrificed, and died for.

136.    Herein Defendant Campbell was subject to, among other things, provisions under Title 2,  United States Code, as an elected representative of the people and of the State of Colorado in the United States Senate.  As records indicate, Defendant Campbell failed to perform the ministerial duties and obligations as a United States Senator in a proper and lawful manner and capacity.

### Department of Veterans Affairs
### Title 38, U.S. Code

137.    The Department of Veterans Affairs (VA) is part of the Executive Branch of government.

138.    The basic purpose of the VA is to provide assistance, benefits and services

to associated members of the armed forces of the United States.

139.    To serve this purpose, the provisions of Title 38, United States Code, together with the underlying principles and values embodied in the U.S. Constitution, establish the fundamental framework of the VA.

140.    The VA provides a "forum" by which American citizens associated with the armed forces of the United States to seek healthcare, housing, education, home loans, business loans, and the such to qualified recipients.

141.    Members associated with the VA are engaged from time to time by appointment, by contract, or otherwise. It is incumbent of each member of the VA to perform the ministerial duties and obligations respectively in a proper and lawful manner and capacity. In exchange for exercising their respective ministerial duties and obligations so entrusted upon them by the people, members of the VA receive, among other things, compensation, authority, and intangible, but priceless, public trust.

142.    As records indicate, members of the VA, along with other members of the Executive, Judicial, and Legislative branches of government, have failed to perform their respective ministerial duties and obligations in a proper and lawful manner and capacity. Such deplorable and egregious acts and/or omissions not only constitute fraud, conspiracy, cover-up, and treason ( a betrayal of public trust), but also, strike at the very foundation of principles and values upon which America was built upon, fought and defended for, and so gallantly and unselfishly endured, sacrificed, and died for.

143.    Herein Defendants Glugla, Jones, Crowley, Langer, and Jane Doe "No. 6" aka "Colleen", among others, were subject to, among other things, provisions under Title 38,

United States Code, as a VA representative or agent in administering VA programs, plans, funds, or contracts, as appropriate. As records here indicate, Defendants Glugla, Jones, Crowley, among others, failed to perform the ministerial duties and obligations as a VA representative or agent in a proper and lawful manner and capacity, relative to administering VA programs, plans, funds, or contracts, as appropriate.

### *U.S. Secret Service*
### *Title 6 – U.S. Department of Homeland Security*
### *Title 31 - U.S. Treasury Department*

144.   The Secret Service is an agency of the newly-enacted Homeland Security Department, heretofore, was an agency of the Treasury Department, which is a part of the Executive Branch of Government.

145.   The Secret Service was established as a law enforcement agency in 1865, and was originally mandated to investigate counterfeiting of U.S. currency. The Secret Service is also mandated to provide presidential protection, including The White House and the President of the United States, as appropriate.

146.   The Secret Service investigates and safeguards the payment and financial systems of the United States through enforcement of appropriate statutes to preserve the integrity of the United States interests. Since 1984, utilizing advanced technologies, the Secret Service's investigative responsibilities have expanded to include crimes that involve financial institution fraud, computer and telecommunications fraud, false identification fraud documents, access device fraud, advance fee fraud, electronic funds transfers and money laundering as it relates to United States interests.

147.   To serve this purpose, the provisions of Title 31 and Title 6, United States Code, as amended, together with the underlying principles and values embodied in the U.S. Constitution and the laws of the United States, establish the fundamental framework of the Secret Service.

148.   Associated members of the Secret Service, their heirs, successors, servants, and/or assigns, are engaged from time to time by appointment, by contract, or otherwise. It is incumbent of each associated member of the Secret Service to perform the ministerial duties and obligations respectively in a proper and lawful manner and capacity. In exchange for exercising their respective ministerial duties and obligations so entrusted upon them by the American people, associated members of the Secret Service receive, among other things, compensation, authority, and intangible, but priceless, public trust.

149.   As records indicate, associated members of the Secret Service, their heirs, successors, servants, and/or assigns, along with other associated members of the Executive, Judicial, and Legislative branches of Government, utilized, among other things, the advanced technologies, its powers, its accessibilities and resources originally established to counter-act identification fraud, telecommunications fraud, computer fraud and the such, to commit identification fraud, telecommunications fraud, computer fraud, mail fraud, and the such against herein Plaintiff Lachkovich, the Untied States Government, and the American people, whose interests they were supposed to serve and to protect. As records indicate, they didn't.

150.   As records indicate, associated members of the Secret Service, their servants, heirs, successors, and/or assigns, along with other associated members of the Executive, Judicial, and Legislative branches of Government have failed to perform their respective ministerial duties

and obligations in a proper and lawful manner and capacity. Such deplorable and egregious acts and/or omissions not only constitute fraud, conspiracy, cover-up, perjury, betrayal of public trust, and treason, but also, strike at the very foundation of principles and values upon which America was built upon, fought and defended for, and so gallantly and unselfishly endured, sacrificed, and died for.

151.   Associated members of the Defendant Secret Service, their heirs, servants, successors, and/or assigns, among others, were subject to, among other things, provisions under the Constitution and laws of the United States. As records indicate, members associated with herein Defendant Secret Service failed to perform the ministerial duties and obligations in a proper and lawful manner and capacity. Herein Plaintiff Lachkovich was the subject of wrongful and unlawful acts and/or omissions and of covert operations by associated members of herein Defendant Secret Service. "Attack predators" were dispatched upon herein Plaintiff Lachkovich, for whom a "code red" was targeted, by implementing and fraudulent funding a monster search and destroy mission against Plaintiff Lachkovich, against the American people, and against the Untied States Government.

### *The False Claims Act*

152.   The False Claims Act (FCA), as prescribed in Title 31, Sections 3729 through 3733, United States Code, is a law enacted by Congress for the purpose of disclosing fraud and wrongdoing against the United States Government.

153.   The main thrust of the FCA is that persons with knowledge of fraud or information of wrongdoing against the Government to come forward.

154.    A private person, known or called a 'Relator', may come forward by commencing

a civil action in the appropriate United States District Court.

155.    Basically, the strictures of the FCA are set forth  and are self-explanatory.  The

complaint and case file are "under seal' by statutory authority of the FCA.   Summons are issued

and the complaint, together with written disclosure ( commonly referred to a Plaintiff's

Disclosure Memorandum) of substantially all material evidence and information the person

possesses, are served upon the United States Attorney General and upon the United States

Attorney in the District in which the FCA civil action is commenced.

156.    The United States Attorney General is charged  as the principal lead prosecutor in

conducting a false claims law investigation consistent with the ministerial duties and obligations

under the FCA enacted by Congress to investigate and to prosecute, as appropriate, both civil

and criminal matters. The Relator is investigated by a False Claims Law Investigator relative to

the four elements of the FCA, (1) suspected parties involved, (2) the programs being defrauded,

(3) the nature and operation of the fraud, and (4) the nature of the evidence establishing the

fraud.

157.    Once the United States has conducted its own investigation, its decides

whether to intervene and to take full control to prosecute the action, as appropriate, or not

to intervene, under the FCA.

158.    If the United States elects to decline intervention to prosecute, then, the Relator,

as a matter of civil and legal right to the action,  prosecutes the FCA civil action, with the United

States as a real party in interest.

159.    As records indicate,  the requisite strictures, both substantively and procedurally,

of the FCA were violated by herein Defendants, and associated others.

160.    Under the FCA, and as a matter of law and operation of law,  to consummate an

actionable false claim document, record, or statement, by and on behalf of the United States

legally and officially, in a proper and lawful manner and capacity, it requires the acts, as

appropriate, of at least four (4) key and essential principal, inter-related individuals associated

with the federal judiciary and judicial system:

( a )    the United States Attorney General; his/her name and endorsement;

( b )    the United States Attorney, in and for the District in which the FCA action is

commenced; his/her name and endorsement;

( c )    the District Judge of the Court, in and for the District in which the FCA action is

commenced; his/her name and endorsement;

( d )    the Clerk of the Court, in and for the District in which the FCA action is

commenced; his/her name and endorsement; with the date and "filed" stamp affixed accordingly

to such paper, record, or statement;

161.    Under the FCA, and as mandated by Congress, certain powers and authority may

not be delegated.

162.    As records indicate, named Defendants, and associated others,  failed to make an

appearance by and on behalf of the United States in a proper and lawful manner and capacity in

the FCA civil actions commenced in U.S. District Court by herein Plaintiff Lachkovich, for

which authorization, authentication, and identification are subject to investigation and

prosecution, accordingly, under the FCA statute and as provided as a matter of law and operation

of law.

163.    Fraud upon fraud upon fraud upon fraud, "tiered four levels", has been committed and accrued, prior to this instant Complaint, which is the "fifth tiered level of damages, claims, and crimes".

### Department of Housing and Urban Development (HUD)
### Title 42, U.S. Code

164.    The Department of Housing and Urban Development (HUD) is part of the Executive Branch of government.

165.    The basic purpose of HUD is to provide assistance, benefits and services relative to housing.

166.    To serve this purpose, the provisions of Title 42, United States Code, as amended, together with the underlying principles and values embodied in the U.S. Constitution, establish the fundamental framework of HUD.

167.    Members of HUD are engaged from time to time by appointment, by contract, or otherwise. It is incumbent of each member associated with HUD to perform the ministerial duties and obligations respectively in a proper and lawful manner and capacity. In exchange for exercising their respective ministerial duties and obligations so entrusted upon them by the people, associated members of HUD receive, among other things, compensation, authority, and intangible, but priceless, public trust.

168.    As records here indicate, associated members of HUD, along with other members of the Executive, Judicial, and Legislative branches of government, have failed to

perform their respective ministerial duties and obligations in a proper and lawful manner and capacity.  Such deplorable and egregious acts and/or omissions not only constitute fraud, conspiracy, cover-up, and treason ( a betrayal of public trust), but also, strike at the very foundation of principles and values upon which America was built upon, fought and defended for, and so gallantly and unselfishly endured, sacrificed, and died for.

169.    Herein Defendants Jane Doe "No. 4" aka 'Beth', California Park East Apartments, California Park East Assocs, among others, were subject to, among other things, provisions under  Title 42,  United States Code, as a HUD provider and  as a HUD practitioner in providing subsidized government housing services and benefits and items. As records  indicate, Defendants Jane Doe "No. 4", California Park East Apartments, and California Park East Assocs, among others,  failed to perform the ministerial duties and obligations as a HUD housing  provider and a HUD housing practitioner in a proper and lawful manner and capacity.

### *Department of Health and Human Services*

170.    The Department of Health and Human  Services (HHS) is a part of the Executive Branch of government.

171.    The basic purpose of HHS is to provide social public assistance, benefits and services.

172.     To serve this purpose, the provisions of Title 42, United States Code,  as amended, together with the underlying principles and values embodied in the U.S. Constitution, establish the fundamental framework of  HHS.

173.    Members associated with HHS are engaged from time to time by appointment, by

contract, or otherwise. It is incumbent of each member associated with HHS to perform the ministerial duties and obligations respectively in a proper and lawful manner and capacity. In exchange for exercising their respective ministerial duties and obligations so entrusted upon them by the people, associated members of HHS receive, among other things, compensation, authority, and intangible, but priceless, public trust.

174.    As records indicate, associated members of HHS, along with other members of the Executive, Judicial, and Legislative branches of government, have failed to perform their respective ministerial duties and obligations in a proper and lawful manner and capacity. Such deplorable and egregious acts and/or omissions not only constitute fraud, conspiracy, cover-up, and treason ( a betrayal of public trust), but also, strike at the very foundation of principles and values upon which America was built upon, fought and defended for, and so gallantly and unselfishly endured, sacrificed, and died for.

175.    Herein Defendants Denver Health Medical Center, Denver Paramedics, Denver Safety Department, Denver Police Department, Denver Sheriff Department, Denver Fire Department, among others, were subject to, among other things, provisions under Title 42, United States Code, as a HHS provider and as a HHS practitioner in providing public safety services and benefits and items. As records indicate, Defendants Denver Health Medical Center, Denver Paramedics, Denver Safety Department, Denver Fire Department, Denver Police Department, Denver Sheriff's Department, AMR, among others, failed to perform the ministerial duties and obligations as a HHS public safety provider and a HHS public safety practitioner in a proper and lawful manner and capacity.

61

## Department of Transportation
### Title 49, U.S. Code

176.  The Department of Transportation (DOT) is a part of the Executive Branch of government.

177.  The basic purpose of DOT is to provide public transportation assistance, benefits and services.

178.  To serve this purpose, the provisions of Title 49, United States Code, as amended, together with the underlying principles and values embodied in the U.S. Constitution, establish the fundamental framework of DOT.

179.  Members associated with DOT are engaged from time to time by appointment, by contract, or otherwise. It is incumbent of each member associated with DOT to perform the ministerial duties and obligations respectively in a proper and lawful manner and capacity. In exchange for exercising their respective ministerial duties and obligations so entrusted upon them by the people, associated members of DOT receive, among other things, compensation, authority, and intangible, but priceless, public trust.

180.  As records indicate, associated members of DOT, along with other members of the Executive, Judicial, and Legislative branches of government, have failed to perform their respective ministerial duties and obligations in a proper and lawful manner and capacity. Such deplorable and egregious acts and/or omissions not only constitute fraud, conspiracy, cover-up, and treason ( a betrayal of public trust), but also, strike at the very foundation of principles and values upon which America was built upon, fought and defended for, and so gallantly and unselfishly endured, sacrificed, and died for.

181.   Herein Defendants Denver Health Medical Center, Denver Paramedics, Denver Safety Department, Denver Police Department, Denver Sheriff Department, Denver Fire Department, AMR, among others, were subject to, among other things, provisions under Title 49, United States Code, as a DOT provider and as a DOT practitioner in providing public transportation safety services and benefits and items. As records indicate, Defendants Denver Health Medical Center, Denver Paramedics, Denver Safety Department, Denver Fire Department, Denver Police Department, Denver Sheriff's Department, AMR, among others, failed to perform the ministerial duties and obligations as a DOT public transportation safety provider and a DOT public transportation safety practitioner in a proper and lawful manner and capacity.

### The 'Campbell' Connection

182.   At pertinent times to this Complaint, herein Defendant Campbell was a United States Senator, from and of the State of Colorado. Defendant Campbell, among other activities, was a participating member of the Appropriations Committee and the Veterans Affairs Committee.

183.   Historically, as records indicate, Defendant Campbell was affiliated with the Democratic Party. After conducting a re-election campaign, receiving abundant support, both financial and votes, he was re-elected to the United States Senate. However, shortly thereafter, he 'switched' party affiliation from the Democratic Party to the Republican Party. This 'about-face' turn-around ("betrayal" ) angered many of his fellow Democratic proponents prior to his re-election. Many made a public outcry for return of their campaign contributions. Some even

63

made accusations of 'traitor'. To a certain extent, to campaign under one banner, then, after receiving abundant voter and financial support to win re-election, then, changing the banner from which one person held out to be for, to a banner of the 'opposite' constituency, does cast a shadow or cloud of doubt.

184.   Plaintiff Lachkovich had initial involvement with herein Defendant Campbell on or about in 1993, which turned out to be a "critical pivotal point in time", which clearly casts the foundation for where matters are today. The bottom line here is simply this:  that ever since Plaintiff Lachkovich's contact with herein Defendant Campbell, "things went from bad to worse; things spiraled downhill in his personal life, in his official BLM government life, and in his business (professional) life.

185.   Among other things, on or about in 1993, Plaintiff Lachkovich contacted herein Defendant Campbell pertaining to fraudulent activities involved in his HUD residential property, 6555 East Colorado Drive, Denver, CO 80224.  Plaintiff Lachkovich was attempting to re-finance his house via the VA loan guarantee program. But, as it turned out, there were many false and unlawful activities in the processing of the HUD foreclosure, among other concerns. Herein Defendant Campbell had one of his political campaign satellite offices located just a few walking-distance blocks from Plaintiff Lachkovich's HUD residential property.  Defendant Campbell's political campaign satellite office was located just south of the 'Big K-Mart', now a Sears store, in an adjacent strip mall plaza, where Plaintiff Lachkovich currently does his laundry at a Laundromat in the same strip mall.  Defendant Campbell is known to have had numerous real property investments and interests.

186.   In 1993, while engaged as Civil Engineer with the U.S. Bureau of Land

Management, an agency of the U.S. Department of the Interior, Plaintiff Lachkovich discovered

and disclosed fraudulent activities pertaining to, among other things, the GSA contract involving

the BLM Battle Mountain new facility, in Battle Mountain, Nevada.

187.    In 1993, Plaintiff Lachkovich  disclosed false and unlawful activities to BLM

people, including Bureau of Reclamation people, who administered payroll and other associated

functions, relative to wrong child support papers and payments. One government employee told

Plaintiff Lachkovich that ". . . . we don't have an attorney from each of the fifty states to know if

these things are okay or not......". In reply, Plaintiff Lachkovich said that he was not an attorney,

but, that the papers and payments were wrong and should be stopped.

188.    In 1993, Plaintiff Lachkovich conducted his own legal research and became

knowledgeable of the False Claims Act (FCA). He would conduct his own legal research and

writing at various public libraries in Reno, Nevada and in Denver, Colorado, noticing

'suspicious' persons hanging around him while conducting his legal research and writing.

189.    In November, 1997,  Plaintiff Lachkovich had contact with Defendant Campbell,

at a "Veteran's Stand-Down" event, conducted at the Salvation Army facility, located on East

29th Street, in lower downtown Denver, commonly known as "CrossRoads". At this "stand-

down" event for veterans, which was exclusively for veterans,  food, beverage, clothing,

assistance, benefits, and related services are offered to needy veterans, in concert with the

Veteran's Day holiday each year. At that veteran's "Stand-Down" event in November, 1997,

Plaintiff Lachkovich was introduced to "Rita", of Defendant Campbell's Denver office, located

then in the 1100-block of Pennsylvania Street, in the Capital Hill area of Denver,  by Julie, of the

Colorado Veterans for Housing  (CVH) group.

***The Plot Against Herein Plaintiff Lachkovich and the United States Government***
***Fraud, Destruction, Conspiracy, and Cover-up***

190.    Herein Plaintiff Lachkovich contacted herein Defendant Campbell, via U.S.

Postal Service Express Mail, about fraudulent and unlawful activities associated with his

residential property, known and numbered as 6555 East Colorado Drive, Denver, Colorado

80224.

191.    The residential property was sponsored under associated HUD programs, plans,

funds and contracts. The property was under the Assignment Program, whereby the default

amount in placed at the end of the original mortgage loan, and the Assignee is asked to make a

payment,  or no payment, for up to a 36-month period, from the date when HUD takes over the

loan and is essentially "the bank and owner" of the property.

192.    The same letter that was sent to herein Defendant Campbell, disclosing fraudulent

and unlawful activities, was also sent to herein Defendant Reno via U.S. Postal Service Express

Mail.

193.    Herein Plaintiff Lachkovich never received any response from herein Defendant

Campbell. But, Plaintiff Lachkovich received a letter from  the U.S. Department of Justice,

Criminal Division, bearing the name and apparent endorsement of herein Defendant

McCoughlin.

194.    In the course of proceedings involving the residential property, herein Plaintiff

Lachkovich also encountered false and unlawful activities associated with his job, as a Civil

Engineer, with the Bureau of Land Management (BLM), an  agency of the U.S. Department of

Interior (DOI), and disclosed such improprieties to his then supervisors and agents associated

with the BLM, including the Bureau of Reclamation, an agency with the DOI.

195.   Herein Defendant Campbell was a participating member of the Appropriations and Veteran Affairs Committee.

196.   Things went from bad to worse for here Plaintiff Lachkovich, lost his career job with the BLM and lost his residential property, among other concerns.

197.   When herein Plaintiff Lachkovich lost his job with the BLM, he obtained a job with herein Defendant, United Parcel Service, Inc., (UPS), in December, 1997, as a Driver Helper.

198.   Stemming from a slip and fall injury while working full time with herein Defendant UPS, herein Plaintiff Lachkovich prepared and commenced his civil action, Case No. 01-SC-0031, United States of America ex rel. Thomas E. Lachkovich v. United Parcel Service, Inc., et al., in Denver U.S. District Court, under *Qui Tam* provisions of the False Claims Act (FCA), on December 15, 2000.

199.   In that case, Case No. 01-SC-0031, herein Plaintiff Lachkovich asserted false claims and other wrongdoing, associated with his previous employers, including herein Defendants UPS, BLM, associated with his HUD property matters, and many other concerns.

200.   What has come to light over the course of the voluminous and intricate papers that have been given to herein Plaintiff Lachkovich concerning his official, business, and personal matters, and those of the United States Government, is that there has been, and is presently continuing, a "monster fraud, conspiracy, and cover-up" against herein Plaintiff Lachkovich and against herein Plaintiff United States.

201.   The nature and operation of the "monster fraud, conspiracy, and cover-up"

involves the use and/or misuse of authority, authentication, and identification in official, personal, and legal matters disclosed herein. More specifically, there has been a rampant, runaway pattern or practice in the use and/or misuse of "signatures and names", under the wraps of an 'official-looking' documents, papers, and statements, so as to 'appear official and believable', which in essence are false and unlawful documents, records, and statements, encompassing, among other concerns, 'monster forgery', 'identity theft', identity fraud, and wire fraud crimes.

202.  Core to this "monster fraud, conspiracy, and cover-up" is the use and/or misuse of an "autopen" device, or such similar device to advance the fraud, conspiracy, and cover-up against herein Plaintiff Lachkovich and against herein Plaintiff United States.  Numerous documents, records, and statements have been falsely and unlawfully prepared, using the 'forged signatures and names' of purported individuals purporting to subscribe to authority, identification, and authentication, among other concerns.

203.  Herein Defendant Campbell conspired and provided assistance to further perpetrate the fraud, conspiracy, and cover-up with the use and/or misuse of the "autopen" device, or similar means to advance the fraud, conspiracy and cover-up.  Papers submitted by herein Plaintiff Lachkovich were 'intercepted or seized' by covert operatives associated with herein Defendants U.S. Secret Service and Campbell, among others. The "intercepted or seized" papers submitted by herein  Plaintiff Lachkovich were then placed in an inconspicuous location, whereby purported 'responsive papers' to those papers submitted by herein Plaintiff Lachkovich were "fabricated" so as to appear 'official and believable', which were not. The names and apparent signatures were and are forged, some using the 'autopen' device, and some

68

using the strike of hand.

204.   In the course of foreclosure proceedings involving Plaintiff Lachkovich's residential property in Denver District Court ( State court), Plaintiff Lachkovich, at one point in time, obtained an attorney, last name was Griego , a female attorney, who had an office located on Broadway in downtown Denver. Plaintiff Lachkovich made a $500 retainer fee deposit with her and she asked me to go get a copy of the file record from HUD, located then in the Executive Tower Inn on Curtis Street in downtown Denver. Plaintiff Lachkovich was attempting to re-finance the original 10% mortgage loan rate at an 8% mortgage rate at the time, while he was working as a Civil Engineer with the BLM and had sufficient income to do so.

205.   Upon receiving a copy of HUD's file record from a person named, Janine Herman, and perusing through the file records just received, there was a document that Plaintiff Lachkovich never saw before and was most troubling, but, now "fits with the pattern of wrongdoing that has been ongoing with the false and unlawful judicial and other related official looking papers, that Plaintiff Lachkovich has received over the years. There was a document that had Plaintiff Lachkovich's signature on it, but that he never signed it. In fact, he never saw that document until just that time for the file record copy. That document in effect declared that herein Plaintiff Lachkovich agrees to pay the amount of $900-plus dollars to HUD. However, Plaintiff Lachkovich never say this document nor even signed such a document. Plaintiff Lachkovich received a billing statement from HUD for that $900-plus amount one day in the mail and began to make that such payment. Plaintiff Lachkovich made four such payments to HUD, and then, no more such billing statements were received. The next thing was some notice that HUD was going to foreclose on the residential property. The female attorney, Griego, with-

69

drew as legal counsel for herein Plaintiff Lachkovich. Plaintiff Lachkovich represented himself at the Rule 120 proceeding in Denver District Court. As it turned out, ruling was made against Plaintiff Lachkovich and there was a purported deficit balance amount of about $35,000.00 - plus outstanding and owing to HUD by herein Plaintiff Lachkovich. However, that amount, among other things, was and is false and unlawful. While working for the BLM, at no time did HUD submit a billing statement nor asked Plaintiff Lachkovich for re-payment of the purported deficit amount of nearly $35,000.00- plus. Yet, a copy of herein Plaintiff Lachkovich's credit report show not such entry from HUD, but did show an entry for a purported 'federal tax lien', which was never brought to herein Plaintiff Lachkovich's attention while engaged as a Civil Engineer with herein Defendant BLM between 1991 and 1997.

206. The bottom line here is that there has been, and there continues, "monster fraud, conspiracy, and cover-up", since herein Plaintiff Lachkovich's residential property matter with HUD and associated others. There exists a pattern or practice of 'seizing' official or business papers submitted by herein Plaintiff Lachkovich; falsifying reply documents, both in form and substance, and 'forging the names and signatures' of named herein Defendants and of herein Plaintiff Lachkovich.

207. Central to the plot against herein Plaintiff Lachkovich and the United States, was and is: (a) the false and unlawful use of power and position by certain "power brokers" associated with the United States Government, which includes herein Defendants Secret Service agents, servants, heirs, successors, and/or assigns; and which also includes herein Defendants Strickland, Campbell, Suthers, Carey, and many others; (b) to initiate 24/7 covert operations and surveillance on herein Plaintiff Lachkovich; (c) to maintain a 24/7 "negativity" campaign

against herein Plaintiff Lachkovich, by falsely and unlawfully attacking and denying his person, property, and civil and legal rights; (d) to maintain a pattern or practice of intimidation, harassment, offensive, discriminatory, and hostile environment, treatment, and impact in whatever activity herein Plaintiff Lachkovich engaged, (e) to engage in whatever means necessary to get rid of herein Plaintiff Lachkovich, one way or another, even to the extent to a pattern or practice of committing crimes, to further advance fraud, conspiracy, and cover-up objectives.

### False Claims and Payments

### *FCA Complaint - 'Claim'*

208.    A civil action (complaint) ) under the False Claims Act (FCA), may be commenced by the United States Attorney General, pursuant to 31 U.S.C. § 3730(a).

209.    A civil action (complaint) under the False Claim Act may be commenced by a 'private person' ( known as a Relator), under *Qui Tam* provisions of the False Claims Act pursuant to 31 U.S.C. § 3730(b)(1) and (2).

210.    As records indicate, Case No. 01-SC-0031, Case No. 01-M-0381, Case No. 01-CV-2574, Case No. 04-B-0330(PAC), Case No. 07-CV-1437, and Case No. 07-CV-1645(RCL) were commenced by Plaintiff Lachkovich in U.S. District Court, under *Qui Tam* provision of the False Claims Act.

211.    The FCA civil action consists of a complaint and of a written disclosure ( commonly known or captioned as 'Plaintiff's Disclosure Memorandum' ) by the 'private person' of substantially all material evidence and information the private person ( Relator)

71