IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00066-PAB-BNB

UNITED STATES OF AMERICA, *ex rel.* THOMAS E. LACHKOVICH,

  Plaintiff,

v.

JOHN ASHCROFT;
BENJAMIN NIGHTHORSE CAMPBELL;
THOMAS STRICKLAND;
JOHN SUTHERS;
MARK SULLIVAN;
JANET RENO;
JAMES R. MANSPEAKER;
O. EDWARD SCHLATTER;
CRAIG P. SHAFFER;
ZITA WEINSHIENK;
RICHARD P. MATSCH;
LEWIS T. BABCOCK;
MICHAEL CAREY;
LISA CHRISTIAN;
RICHARD SPRIGGS;
MICHAEL TISCHE;
PAUL J. WOGAMAN;
JOHN DOE NO. 1;
JEFFREY A. TAYLOR;
JOHN CONYERS, JR.;
NANCY PELOSI;
ROYCE C. LAMBERTH;
ROSEMARY COLLYER;
ALBERTO GONZALES;
HENRY H. KENNEDY, JR.;
NANCY MAYER-WHITTINGTON;
DIANNA DEGETTE;
JANE DOE NO. 333.01F;
KENNETH SALAZAR;
CAPITOL PROCESS SERVICE, INC.;
C.T. CORPORATION SYSTEM;
DANIEL E. PORTNOY;

ANGELA H. CORSON;
WACHOVIA BANK, N.A.;
WACHOVIA CORPORATION;
STATE OF COLORADO;
COLORADO SUPREME COURT;
DENVER DISTRICT COURT;
DENVER COUNTY COURT;
ANDREW ARMATAS;
JOHN MARCUCCI;
ROBERT PATTERSON;
JOHN DOE NO. 3, a/k/a "JUDGE X;"
JOHN DOE NO. 9, a/k/a "ROSS;"
JOHN REDMOND;
COLE FINEGAN;
GOLDWEST PROPERTIES & INVESTMENTS, L.L.C.;
TOM NGUYEN;
TRI NGUYEN;
BRADLEY COLDIRON;
COLDIRON & ASSOCIATES, P.C.
THE ALPENHAUS APARTMENTS;
AMERICANA CONDOMINIUM ASSOCIATION, INC.;
CUSTOM MANAGEMENT GROUP, a/k/a "CMG;"
MICHAEL LADWIG, M.D., P.C.;
MICHAEL LADWIG, M.D.;
LIBERTY MUTUAL INSTURANCE [SIC] COMPANY;
LIBERTY MUTUAL;
ANTHEM BLUE CROSS BLUE SHIELD;
HEALTHONE;
UNITED PARCEL SERVICE, INC.;
COUNTY OF SANTA BARBARA;
COUNTY OF SAN LUIS OBISPO;
STATE OF CALIFORNIA;
HALLANDER, SMITH AND PARTNERS;
JEFFREY BAYLESS;
CITY AND COUNTY OF DENVER;
DEPARTMENT OF SAFETY;
DENVER FIRE DEPARTMENT;
DENVER POLICE DEPARTMENT;
DENVER SHERIFF DEPARTMENT;
DENVER HEALTH MEDICAL CENTER;
DENVER PARAMEDICS;
AMERICAN MEDICAL RESPONSE, a/k/a "AMR;"
LAIDLAW MEDICAL TRANSPORTATION, INC.;
MICHAEL GLUGLA, R.N.;

ROSE CROWLEY;
OTIS JONES;
BOB DAVIS;
SUSAN LANGER;
BOARD OF REGENTS, UNIVERSITY OF COLORADO;
BARBARA J. EDWARDS;
RODNEY ANDERSON;
CALIFORNIA PARK EAST APARTMENTS;
THE LEGAL AID SOCIETY OF METROPOLITAN DENVER;
KEITH J. VANDENBERGE;
DENVER RESCUE MISSION;
THE DENVER RESCUE MISSION;
THE DENVER RESCUE MISSION FOUNDATION;
BRAD MEULI;
KEVIN MANN;
LARRY GRIFFIN;
JOHN DOE NO. 1130.01, a/k/a "TOM;"
HERMAN FORD;
IAN LISMAN;
JOEL LEVITT;
CHARLES BOYD;
DENNIS PEKULA;
JEFF JENSEN;
JOHN DOE NO. 3870.01, a/k/a "DENATO;"
JOHN DOE NO. 3870.02, a/k/a "DWAYNE;"
KOREY HILLYER;
SHERI AUSTIN;
JIM BOWMAN;
JOHN HOPKINS;
ROBERT McCOLL;
ADAM DALE;
ROBERT PARHAM;
JANE DOE NO. 30339.01, a/k/a "SHANNA;"
JANE DOE NO. 30339.02;
A.M. TOWING, L.L.P.;
COLLECTION SERVICE OF NEVADA;
SECRET SERVICE JOHN DOE NO. 20223.01;
WASHOE COUNTY SHERIFF'S OFFICE;
CARSON COUNTY SHERIFF'S OFFICE;
WASHOE COUNTY BOARD OF COUNTY COMMISSIONERS;
WASHOE COUNTY JUSTICE COURT, SPARKS TOWNSHIP;
WILLIAM A. BYRD;
SUSAN DERISO;
CSC SERVICES OF NEVADA, INC.;

GLENDALE POLICE DEPARTMENT;
ARAPAHOE COUNTY;
DENVER FIRE DEPARTMENT, DISTRICT 4, STATION 5;
DENVER FIRE DEPARTMENT, DISTRICT 4, STATION 15;
DENVER FIRE DEPARTMENT, DISTRICT 2, STATION 4;
DENVER FIRE DEPARTMENT, DISTRICT 2, STATION 6;
JOHN DOE NO. 1130.04, a/k/a "JIM QUAILLO;"
JOHN DOE NO. 1331.09, a/k/a "OFFICER SKILES;"
JOHN DOE NO. 2301.01, a/k/a "BURTON SANDELS;"
JOHN DOE NO. 2301.02, a/k/a "KEITH;"
JOHN DOE NO. 2301.03, a/k/a "JAMES;"
JOHN DOE NO. 1520.01, a/k/a "KURT TAGGIE;"
GORSUCH KIRGIS, L.L.P.;
GORSUCH, L.L.P.;
MICHAEL T. HAVEY;
MTH REALTY;
HUMBOLDT APARTMENTS;
MTH PROPERTY MANAGEMENT;
MTH PROPERTY MANAGEMENT, L.L.C.;
JAMES HARM;
JANE DOE NO. 1055.01, a/k/a "COLLEEN;"
ET AL.,

Defendants.

## ORDER

This matter is before me on the plaintiff's Complaint [Doc. #1, filed 01/11/2010]. For the following reasons, the Complaint is STRICKEN, and the plaintiff is directed to submit an amended complaint which complies with Fed.R.Civ.P. 8 and this order.

The Federal Rules of Civil Procedure require that a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice

of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff characterizes the Complaint as an action filed under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729, *et seq*. The False Claims Act authorizes private individuals to bring a civil action on behalf of the individual and the United States Government to recover damages for frauds perpetrated against the United States. 31 U.S.C. § 3730.

The Complaint consists of 207 typewritten pages. Within these 207 pages are 591 paragraphs of mostly conclusory allegations. Much of the Complaint is unintelligible. Although the caption to the Complaint lists 114 defendants, many of the defendants are not referred to in the body of the Complaint. The plaintiff does not make clear the actions or inactions of each defendant and how those actions or inactions violate the False Claims Act.

Moreover, because the plaintiff represents the interests of the United States, he may not proceed *pro se*. 28 U.S.C. § 1654; U.S. ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 93-94 (2d Cir. 2008). The court in Flaherty stated:

While relators indisputably have a stake in the outcome of False Claims Act *qui tam* cases that they initiate, the Government remains the real party in interest in any such action. As we have explained:

> All of the acts that make a person liable under the False Claims Act focus on the use of fraud to secure payment from the government. It is the government that has been injured by the presentation of such claims; it is in the government's name that the action must be brought; it is the government's injury that provides the measure for the damages that are to be trebled; and it is the government that must receive the lion's share--at least 70%--of any recovery. In considering the issue of relator standing, the Supreme Court determined that a relator's interest in a *qui tam* suit is one as the "partial assignee" of the claims of the United States but observed that the injury, and therefore, the right to bring the claim belongs to the United States. In short, while the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States. Accordingly, as the United States remains the real party in interest in *qui tam* actions, the case, albeit controlled and litigated by the relator, is not the relator's own case as required by 28 U.S.C. § 1654, nor one in which he has an interest personal to him. Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*.

Our holding is in accord with all of the circuits that have considered the issue. See Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir.2008) (per curiam); Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126-28 (9th Cir.2007); United States ex rel. Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir.2004); United States v. Onan, 190 F.2d 1, 6-7 (8th Cir.1951). While we reach this conclusion as a matter of statutory construction, we are also sympathetic to some of the other concerns voiced by these courts, in particular that the United States might become bound by res judicata or collateral estoppel as a result of the actions of a *pro se* in bringing and losing a *qui tam* action. This concern serves only to bolster our belief that Congress could not have intended to

>authorize a layman to carry on such suit as attorney for the United
>States but must have had in mind that such a suit would be carried
>on in accordance with the established procedure which requires
>that only one licensed to practice law may conduct proceedings in
>court for anyone other than himself.

Id. (internal quotations and citations omitted except as noted).

The plaintiff may not bring this action *pro se*, and his Complaint utterly fails to comply with Rule 8. Accordingly,

IT IS ORDERED that the Complaint is STRICKEN for failure to comply with Fed.R.Civ.P. 8.

IT IS FURTHER ORDERED that the plaintiff shall have until **April 16, 2010**, to submit an amended complaint through counsel. The Complaint shall comply with Fed.R.Civ.P. 8 and this order, and it shall concisely and directly describe how each defendant violated the False Claims Act.

IT IS FURTHER ORDERED that failure to comply with this order will result in my recommendation that this case be dismissed.

Dated March 26, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge