IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00066-PAB-BNB

UNITED STATES OF AMERICA, *ex rel.* THOMAS E. LACHKOVICH,

    Plaintiff,

v.

JOHN ASHCROFT;
BENJAMIN NIGHTHORSE CAMPBELL;
THOMAS STRICKLAND;
JOHN SUTHERS;
MARK SULLIVAN;
JANET RENO;
JAMES R. MANSPEAKER;
O. EDWARD SCHLATTER;
CRAIG P. SHAFFER;
ZITA WEINSHIENK;
RICHARD P. MATSCH;
LEWIS T. BABCOCK;
MICHAEL CAREY;
LISA CHRISTIAN;
RICHARD SPRIGGS;
MICHAEL TISCHE;
PAUL J. WOGAMAN;
JOHN DOE NO. 1;
JEFFREY A. TAYLOR;
JOHN CONYERS, JR.;
NANCY PELOSI;
ROYCE C. LAMBERTH;
ROSEMARY COLLYER;
ALBERTO GONZALES;
HENRY H. KENNEDY, JR.;
NANCY MAYER-WHITTINGTON;
DIANNA DEGETTE;
JANE DOE NO. 333.01F;
KENNETH SALAZAR;
CAPITOL PROCESS SERVICE, INC.;
C.T. CORPORATION SYSTEM;
DANIEL E. PORTNOY;

ANGELA H. CORSON;
WACHOVIA BANK, N.A.;
WACHOVIA CORPORATION;
STATE OF COLORADO;
COLORADO SUPREME COURT;
DENVER DISTRICT COURT;
DENVER COUNTY COURT;
ANDREW ARMATAS;
JOHN MARCUCCI;
ROBERT PATTERSON;
JOHN DOE NO. 3, a/k/a "JUDGE X;"
JOHN DOE NO. 9, a/k/a "ROSS;"
JOHN REDMOND;
COLE FINEGAN;
GOLDWEST PROPERTIES & INVESTMENTS, L.L.C.;
TOM NGUYEN;
TRI NGUYEN;
BRADLEY COLDIRON;
COLDIRON & ASSOCIATES, P.C.
THE ALPENHAUS APARTMENTS;
AMERICANA CONDOMINIUM ASSOCIATION, INC.;
CUSTOM MANAGEMENT GROUP, a/k/a "CMG;"
MICHAEL LADWIG, M.D., P.C.;
MICHAEL LADWIG, M.D.;
LIBERTY MUTUAL INSTURANCE [SIC] COMPANY;
LIBERTY MUTUAL;
ANTHEM BLUE CROSS BLUE SHIELD;
HEALTHONE;
UNITED PARCEL SERVICE, INC.;
COUNTY OF SANTA BARBARA;
COUNTY OF SAN LUIS OBISPO;
STATE OF CALIFORNIA;
HALLANDER, SMITH AND PARTNERS;
JEFFREY BAYLESS;
CITY AND COUNTY OF DENVER;
DEPARTMENT OF SAFETY;
DENVER FIRE DEPARTMENT;
DENVER POLICE DEPARTMENT;
DENVER SHERIFF DEPARTMENT;
DENVER HEALTH MEDICAL CENTER;
DENVER PARAMEDICS;
AMERICAN MEDICAL RESPONSE, a/k/a "AMR;"
LAIDLAW MEDICAL TRANSPORTATION, INC.;
MICHAEL GLUGLA, R.N.;

ROSE CROWLEY;
OTIS JONES;
BOB DAVIS;
SUSAN LANGER;
BOARD OF REGENTS, UNIVERSITY OF COLORADO;
BARBARA J. EDWARDS;
RODNEY ANDERSON;
CALIFORNIA PARK EAST APARTMENTS;
THE LEGAL AID SOCIETY OF METROPOLITAN DENVER;
KEITH J. VANDENBERGE;
DENVER RESCUE MISSION;
THE DENVER RESCUE MISSION;
THE DENVER RESCUE MISSION FOUNDATION;
BRAD MEULI;
KEVIN MANN;
LARRY GRIFFIN;
JOHN DOE NO. 1130.01, a/k/a "TOM;"
HERMAN FORD;
IAN LISMAN;
JOEL LEVITT;
CHARLES BOYD;
DENNIS PEKULA;
JEFF JENSEN;
JOHN DOE NO. 3870.01, a/k/a "DENATO;"
JOHN DOE NO. 3870.02, a/k/a "DWAYNE;"
KOREY HILLYER;
SHERI AUSTIN;
JIM BOWMAN;
JOHN HOPKINS;
ROBERT McCOLL;
ADAM DALE;
ROBERT PARHAM;
JANE DOE NO. 30339.01, a/k/a "SHANNA;"
JANE DOE NO. 30339.02;
A.M. TOWING, L.L.P.;
COLLECTION SERVICE OF NEVADA;
SECRET SERVICE JOHN DOE NO. 20223.01;
WASHOE COUNTY SHERIFF'S OFFICE;
CARSON COUNTY SHERIFF'S OFFICE;
WASHOE COUNTY BOARD OF COUNTY COMMISSIONERS;
WASHOE COUNTY JUSTICE COURT, SPARKS TOWNSHIP;
WILLIAM A. BYRD;
SUSAN DERISO;
CSC SERVICES OF NEVADA, INC.;

GLENDALE POLICE DEPARTMENT;
ARAPAHOE COUNTY;
DENVER FIRE DEPARTMENT, DISTRICT 4, STATION 5;
DENVER FIRE DEPARTMENT, DISTRICT 4, STATION 15;
DENVER FIRE DEPARTMENT, DISTRICT 2, STATION 4;
DENVER FIRE DEPARTMENT, DISTRICT 2, STATION 6;
JOHN DOE NO. 1130.04, a/k/a "JIM QUAILLO;"
JOHN DOE NO. 1331.09, a/k/a "OFFICER SKILES;"
JOHN DOE NO. 2301.01, a/k/a "BURTON SANDELS;"
JOHN DOE NO. 2301.02, a/k/a "KEITH;"
JOHN DOE NO. 2301.03, a/k/a "JAMES;"
JOHN DOE NO. 1520.01, a/k/a "KURT TAGGIE;"
GORSUCH KIRGIS, L.L.P.;
GORSUCH, L.L.P.;
MICHAEL T. HAVEY;
MTH REALTY;
HUMBOLDT APARTMENTS;
MTH PROPERTY MANAGEMENT;
MTH PROPERTY MANAGEMENT, L.L.C.;
JAMES HARM;
JANE DOE NO. 1055.01, a/k/a "COLLEEN;"
ET AL.,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter arises in connection with my Order to Show Cause issued on April 20, 2010 [Doc. #12]. For the following reasons, I respectfully RECOMMEND that the Complaint be DISMISSED. I further RECOMMEND that the case be unsealed.

The plaintiff filed his Complaint on January 11, 2008 [Doc. #1]. The plaintiff characterizes the Complaint as an action filed under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729, *et seq*. The False Claims Act authorizes private individuals to bring a civil action on behalf of the individual and the United States Government to recover damages for frauds perpetrated against the United States. 31 U.S.C. § 3730.

The Complaint consists of 207 typewritten pages. Within the 207 pages are 591 paragraphs of mostly conclusory allegations. Much of the Complaint is unintelligible. Although the caption to the Complaint lists 114 defendants, many of the defendants are not referred to in the body of the Complaint. The plaintiff does not make clear the actions or inactions of each defendant or how those actions or inactions violate the False Claims Act.

The plaintiff filed his Complaint as a *pro se* litigant. However, the plaintiff cannot represent the interests of the United States while proceeding *pro se*. 28 U.S.C. § 1654; U.S. ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 93-94 (2d Cir. 2008).

Because the plaintiff may not bring this action *pro se*, and because his Complaint utterly fails to comply with Rule 8, I struck the Complaint and directed the plaintiff to submit an amended complaint through counsel on or before April 16, 2010. I warned the plaintiff that failure to comply with my order would result in my recommendation that this case be dismissed.

The plaintiff did not submit an amended complaint. Consequently, I ordered the plaintiff to show cause on or before May 4, 2010, why this case should not be dismissed for failure to prosecute and failure to comply with an order of this court [Doc. #12]. D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to show cause on or before May 4, 2010, would result in my recommendation that this case be dismissed.

The envelope containing the Order to Show Cause has been returned to the court as undeliverable [Doc. #13], and the plaintiff has not shown good cause why this case should not be dismissed for failure to prosecute and failure to comply with an order of this court. Further, the plaintiff has failed to submit a Complaint which demonstrates that this action is properly brought

under the False Claims Act.[1]

I respectfully RECOMMEND that the Complaint be DISMISSED.

I further RECOMMEND that the action be unsealed.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 6, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] I note that the plaintiff has previously filed at least two similar actions in this court: 01-cv-00381-RPM and 04-cv-00330-LTB. Civil Action No. 01-cv-00381-RPM was dismissed with prejudice based on the plaintiff's failure to comply with the court's order to file an amended complaint. Civil Action No. 04-cv-00330-LTB remains sealed.